360 So.2d 842 (1978)
STATE of Louisiana
v.
Eddie Roy JACKSON a/k/a Eddie Ray Jackson.
STATE of Louisiana
v.
Charles E. HEBERT.
Nos. 61388, 61389.
Supreme Court of Louisiana.
June 19, 1978.
Claude R. Sledge, Public Defender, DeSoto Parish, Mansfield, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James Lynn Davis, Dist. Atty., Herman L. Lawson, Asst. Dist. Atty., for plaintiff-respondent.
SANDERS, Chief Justice.
DeSoto Parish Grand Juries indicted Eddie Roy Jackson with simple kidnapping, forcible rape, and aggravated battery, and Charles E. Hebert with crime against nature and simple kidnapping, violations of LSA-R.S. 14:34, 43.1, 45, and 89. Both defendants pled guilty to the charges. Jackson received a total of thirty-five years imprisonment and Hebert ten years.
On the defendants' complaints that the trial judge had failed to comply with mandatory sentencing procedure, we granted writs to review the action taken.
The defendants assert that the sentences are illegal because the trial judge failed to state for the record the considerations taken into account and the factual basis for *843 imposing sentence as required by Louisiana Code of Criminal Procedure Article 894.1 (Act 635 of 1977). That article provides:
"A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
"B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted upon strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
"C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." [Emphasis supplied.]
The same court sentenced both defendants on December 14, 1977. Except for the defendant's names, ages, and sentences, the minutes reflecting the court's reasons for imposing sentences are identical. They read, in pertinent part:
"[D]efendant having been ordered to be present this day for the purpose of sentencing after a pre-sentence investigation, pursuant to Act No. 635 of 1977 [LSA-C.Cr.P. Art. 894.1], the Court finds that the defendant is in need of correctional treatment and custodial environment which can be provided most effectively by the commitment of the defendant to an institution and as a factual basis takes into consideration the protection of society and incarcerating the defendant, as well as the hope of deterring others following this same transgression and as punishment for the offense which the defendant has committed."
We agree with defendants' contention that the court failed to "state for the record the considerations taken into account and the factual basis therefor in imposing sentence." LSA-C.Cr.P. Art. 894.1. Public protection and deterrence are two general objectives of every sentence. In State v. Frank, La., 344 So.2d 1039 (1977), we stated:
"A sentence has three general objectives: deterrence, rehabilitation, and public protection."
Article 894.1, however, requires that the sentence be individualized. The trial judge is required to state for the record the considerations taken into account and the *844 factual basis supporting them in imposing the particular sentence upon the individual before the court. See State v. Sepulvado, La., 359 So.2d 137 (No. 61,216, 1978).
The article establishes procedures designed to adapt the sentence to the offender as well as the offense. The factors supporting a sentence of imprisonment include an undue risk that defendant will commit another crime, the defendant is in need of correctional services provided in an institution, or a lesser sentence will deprecate the seriousness of the crime. LSA-C.Cr.P. Art. 894.1 A(1)(2)(3). The statute also enumerates eleven factors favoring suspension of sentence or probation, though it provides that these factors do not control the discretion of the court. LSA-C.Cr.P. Art. 894.1 B(1)-(11).
The considerations taken into account by the trial judge should be based upon factual determinations. Among the numerous matters to be reviewed are: the defendant's personal history (e. g., age, marital status, dependents, family stability, employment, mental, emotional, and physical health); the defendant's prior criminal record; the seriousness of the crime; the circumstances of the offense; the likelihood that defendant will commit another crime; and his potential for rehabilitation through correctional services other than confinement. State v. Frank, supra; J. Williams, The Law of Sentencing and Corrections, 1, 15, 17 (1974); National Advisory Commission on Criminal Justice Standards and Goals, Corrections Standard 5.14 (1973); R. Dawson, Sentencing, 35, 79, 173-174, 195 (1969); S. Rubin, The Law of Criminal Correction, 84, 85, 112-115 (1963); Advisory Council of Judges of the National Probation and Parole Association, Guides for Sentencing, 33-47 (1957).
Under Article 894.1, the sentencing judge must state for the record the considerations taken into account in imposing sentence and the factual basis for them. As the judge failed to comply with that article, we must remand the case for resentencing.
For the reasons assigned, the convictions are affirmed, but the sentences are vacated and the cases remanded to the district court for sentencing of the defendants according to law and consistent with the views herein expressed.