369 So.2d 118 (1979)
STATE of Louisiana, Appellant,
v.
Hugo COX, Appellee.
No. 63036.
Supreme Court of Louisiana.
March 5, 1979.
*119 John P. Calmes, Jr., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Kay Kirkpatrick, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
*120 TATE, Justice.
The defendant was charged with armed robbery, La.R.S. 14:64, and attempted murder, La.R.S. 14:27 and 14:30, arising out of an incident which resulted from a pool hall altercation. He was convicted of both counts which had been joined for indictment and trial. He was sentenced to twenty-five years imprisonment on each count. The trial court provided that the sentences were to run consecutively.
The single assignment of error urged on appeal complains that the sentence is excessive, in that consecutive sentences were imposed for each count, when the two crimes joined for trial arose out of the same incident.
Appellate Review for excessiveness
Article 1, Section 20, La.Constitution of 1974 prohibits the imposition by law of excessive punishment. In accordance therewith, in State v. Sepulvado, 367 So.2d 762 (La.1979), we held that "the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is enforceable by this court on appellate review of his conviction." 367 So.2d 767.
With respect to the appropriate standards for that review, we further stated that: ". . . the statutory criteria legislatively provided by La.C.Cr.P. art. 894.1 (1977), which are similar to those evolved by courts in other American jurisdictions with a constitutional or statutory duty to review excessiveness, provide appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives." 367 So.2d 769.
Relationship of Article 894.1 to Sentence Review
La.C.Cr.P. art. 894.1 (1977) sets forth three factors which justify a sentence imposing imprisonment, and eleven other factors which tend to indicate suspension of sentence or probation as appropriate.[1] The statute provides that the latter, "while not controlling the discretion of the court, shall be accorded weight" by the trial court in its sentencing decision. The enactment concludes *121 that the trial court "shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."
Even without formal objection at the time, where the trial judge imposes a sentence without adequate compliance with the mandatory requirement of La.C.Cr.P. art. 894.1 that he state the considerations and the factual basis for his sentence, this court may vacate a sentence and remand for re-sentencing, when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record. State v. Jackson, 360 So.2d 842 (La. 1978); State v. Scarborough, 359 So.2d 982 (La.1978); State v. Sepulvado, 359 So.2d 137 (La.1978). See also State v. Gibson, 362 So.2d 769 (La.1978).
In State v. Jackson, 360 So.2d 842 (La. 1978), we discussed at some length the purpose of the article in requiring that each sentence be particularized. We noted that not only public protection and deterrence, but also rehabilitation, are objectives of the sentencing process. In that unanimous opinion, authored by former Chief Justice Sanders, we observed that the code provision "requires that the sentence be individualized.. . . The article establishes procedures designed to adapt the sentence to the offender as well as the offense." 360 So.2d 843-44.
In State v. Sepulvado, 367 So.2d 762 (La. 1979), we noted that the trial court's statement of reasons in imposing sentence, as required by this statute, "is an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive."
In Sepulvado, in a first (or earlier) appearance before this court, the defendant had complained that the sentence was excessive, although he had not formally questioned it in the trial court. 359 So.2d 982 (La.1978). While we did not then reach the issue of excessiveness, we nevertheless remanded the case for re-sentencing in compliance with La.C.Cr.P. art. 894.1, because the factual basis assigned did not adequately comply with the statement of considerations with respect to the statutory guidelines provided by that statute. The same sentence was re-imposed over the accused's objection in the trial court[2] that it was excessive. On the second appeal, we vacated as excessive the re-imposed sentence.
The Sepulvado cases illustrate the relationship between the trial court's statement of the reasons and factual basis for the sentence imposed, required by La.C.Cr.P. art. 894.1, and our appellate review of excessiveness as authorized by our 1974 state constitution.
If inadequate compliance with 894.1 is exhibited by the record, we may remand for re-sentencing in accordance with the mandatory requirements of that article, whether or not formal request has been made in the trial court that it comply with law. However, if (as required by 894.1) the trial court has stated the factual basis and individual considerations upon which the sentence is based, then upon formal assignment of error we will review whether the trial court's large discretion has been abused. Our review of individual excessiveness will then consider, in the light of the criteria expressed by 894.1, the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision.
Procedural requirements for appellate review of a sentence as excessive
With the exception of death penalty cases (which this court must independently review in each instance for excessiveness, La. C.Cr.P. art. 905.9), individual excessiveness of sentence may be considered on appeal only where presented by assignment of error, La.C.Cr.P. art. 920(1), formally made as required by La.C.Cr.P. art. 844.
In addition, we had previously held that some form of objection to the sentence as *122 excessive must be made in the trial court. When the issue of review for excessiveness of sentence was first raised after the 1974 state constitution came into effect, we initially refused to review the claim unless before or at the time the sentence was imposed, an objection was made on the ground of excessiveness. State v. Williams, 340 So.2d 1382 (La.1976); State v. Williams, 322 So.2d 177 (La.1975). See also State v. Bryant, 325 So.2d 255 (La.1976) (concurring opinion, 325 So.2d 265, 267).
We then indicated that the purpose of requiring this sort of objection to be made in the trial court was to permit a hearing at which the factual circumstances indicating excessiveness or not might be shown, with an opportunity for the trial court to impose or amend its sentence accordingly, and in order to disclose for purposes of appellate review the showing as to such circumstances which might not otherwise be found in the trial record.
The requirement of these decisions that objection be made to the sentence as excessive was based upon La.C.Cr.P. art. 841. That article, however, provides that "An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence * * *." Under its literal terms, the article does not require objection to be made to post-verdict reasons.
Furthermore, subsequent to the two cited Williams decisions, the legislature has itself provided that the trial court, in imposing sentence, must state the consideration taken into account and the factual basis therefore. Since these decisions, the jurisprudence has made clear that the defendant must be given an opportunity to rebut or explain misinformation upon which the trial relies or to which it is exposed in its sentencing decision. State v. Trahan, 367 So.2d 752 (La.1978); State v. Segers, 357 So.2d 1 (La.1978); State v. Underwood, 353 So.2d 1013 (La.1977). The latter holdings necessarily imply that the accused must likewise be given an opportunity to make a showing, by argument of counsel or otherwise, of mitigating factors under La.C. Cr.P. art. 894.1 B. which the trial court may have overlooked.
Thus, the legislative enactment of La.C. Cr.P. art. 894.1, as well as the later jurisprudence, see also State v. Bosworth, 360 So.2d 173 (La.1978), have provided the mechanisms by which the appellate record may reflect the circumstances outside of the trial on the merits, in the light of which the contention of excessiveness may be reviewed on appeal.
The Code of Criminal Procedure does not itself require any formal objection to be made to preserve post-verdict error for appellate review. Subsequent legislative action and jurisprudential developments have assured adequate appellate review for review of excessiveness, the original purpose of our early decisions in judicially imposing the requirement for an objection in order to preserve the issue of excessiveness for appellate review.
We see no intelligent reason longer to adhere to and accordingly we overrule, the holdings in State v. Williams, 340 So.2d 1382 (La.1976) and State v. Williams, 322 So.2d 177 (La.1975),[3] that excessiveness of sentence may not be reviewed in the absence of formal objectionthere being no statutory requirement for such objection, and there being no remaining functional reason for these decisions' court-imposed requirement for the technicality of requiring an objection for such purpose. Similarly to the instance of the trial court's ruling on a written motion, where no objection is required (La.C.Cr.P. art. 841), the defendant's complaint of the trial court action is self-explanatory and the objection serves no functional basis to assure an adequate record by which to review on appeal the issue, when so raised by an assignment of error.
We should note, however, that if at or before the time of the sentencing *123 hearing a defendant does not alert the trial court to alleged deficiencies in its sentencing reasons because of circumstances not reflected by the record (such as alleged misinformation or insufficient data of mitigating circumstances with regard to the sentencing decision), the assertion of the alleged deficiencies for the first time in the appellate court will not ordinarily be considered in the appellate review of sentence,[4] which will be based upon the actual showings or attempted showings with regard to excessiveness made in the sentencing proceedings and upon the considerations and factual reasons expressed by the trial court's sentencing reasons made in compliance with La.C.Cr.P. art. 894.1.
In the present case, the defendant did object to the sentence as excessive at the time it was imposed. The state argues on appeal that we should not consider the complaint of consecutive sentences because not particularized. Even under Williams, the objection as made was sufficient. We prefer to rest our ruling, however, on the broader ground that no technical objection was required to preserve the issue for appellate review, when raised by assignment of error to this court.
Facts of this case
The charges arose from a dispute between the victim and the accused (Cox), who had played a number of games of pool together for money. The victim owed Cox $6.00, when the defendant suggested they play a final game for double or nothing. After it, the victim and Cox disagreed as to who had won the game.
When the victim left the pool hall, Cox (who had left earlier) accosted him at his car, drove him to another location, beat him with his fists, and kicked him in the head and stomach; he may also have, although this is disputed, beat him with jumper cables. The victim was left unconscious and severely beaten, and he spent three weeks in the hospital recovering.
Excessiveness of consecutive sentences
The offenses did not arise out of premeditated criminal conduct in the sense of a planned robbery, as contrasted with an unplanned escalation of a pool-hall controversy into an enraged (but nevertheless unlawful) attempt to recover money of which the accused felt he had been cheated. Nevertheless, for present purposes it is not substantially disputed that the violence of the beating justified the trial court's discretion in imposing a severe sentence upon the accused because of the aggravated manner in which the crime was committed, even though he is a first offender.
As the trial court stated, in imposing sentence, "What little I did hear of the extent of the injuries of the young man involved, and as you [defense counsel] say he was not free from some fault, but simply because you get in a disagreement over a bet on a pool bet, you do not settle it by stomping the holy hell out of a man and leaving him for dead." The trial court pointed out that the injuries were serious and required three weeks' hospitalization and could have resulted in the victim's death, so that Cox might easily have been before the court for sentencing on a murder.
As noted, these reasons justified the penalty of twenty-five years imprisonment on either count, either armed robbery or attempted murder. The issue is whether the identical aggravating circumstances justify consecutive sentences on both counts.
As we stated in State v. Underwood, 353 So.2d 1013, 1019 (La.1977), "Based on American theory and practice concurrent rather than consecutive sentences are the usual rule, at least for a defendant without criminal record and in the absence of a showing that the public safety requires a *124 longer sentence." We there noted that one reason advanced to permit joinder and trial of two or more offenses at the same time was to facilitate the imposition of concurrent rather than consecutive sentences. 353 So.2d 1019 (footnote 6).
See: American Bar Association Standards Relating to Sentencing Alternatives and Procedures, Standard 3.4 (1968); American Law Institute Model Penal Code, Section 7.06 (1962); National Advisory Commission on Criminal Justice Standards and Goals, Corrections Standard 5.6; National Council on Crime and Delinquency, Model Sentencing Act 2d, Section 17 (1972), reprinted at 18 Crime and Delinquency 335 at 367 (1972); and official commentaries following each such statement of sentencing principle.
These standards contemplate the normal imposition of concurrent standards, with consecutive sentences to be imposed only under certain circumscribed conditions. As succinctly summarized by Commentary c, Standard 3.4 ABA Standards Relating to Sentencing Alternatives and Procedures, at p. 177 (Approved Draft, 1968):
"The function of the consecutive sentence should be similar to the function of the sentence imposed on habitual or dangerous offenders. Because of his repeated criminality the offender who has rendered himself subject to multiple sentences may pose the same type of unusual risk of the safety of the public. It would thus appear that he should be treated in a similar fashion."
The state argues that the defendant should be considered a "dangerous offender", one of the circumstances which justifies consecutive rather than the normal concurrent sentences. The state points out that sentencing principles recognize that a first offender may be a dangerous person who committed one or more serious crimes without being apprehended, Guides to Sentencing the Dangerous Offender 9 (National Council on Crime and Delinquency, 1969), and that "If the defendant's violence arises out of an irrational response to situations that will occur frequently in his lifetime. . . or even if he is likely to strike out physically at others when he has an argument, he is probably one who comes within the concept of dangerousness." Id., at p. 11.
The difficulty with accepting his argument is this: The showing at the sentencing hearing and trial, so far as it goes, does not indicate that the accused, a 23-year-old first offender with a working background, had ever before so lost his self-control as to inflict violence on others with whom he quarrelled. A single violent incident does not justify characterizing a convicted person as a dangerous offender likely to be a public danger because of the probability of recurring violent episodes.
The pre-sentence report is not included and is not summarized, but no mention of prior violent conduct was made by the sentencing judge, who seemed to rely only on violence committed in the present single incident. The record does not reflect, for instance, that any examination and report was made of the defendant's mental and emotional condition, a normal requirement before consecutive sentences are imposed on the basis of the defendant's dangerous character by reason of his mental or psychological deficiencies. See ABA Standard 3.4(b)(iii), cited above. See Guides to Sentencing the Dangerous Offender, cited above, at pp. 3-5, 11-12.
As Chief Justice Sanders stated for the court in State v. Jackson, 360 So.2d 842, 844 (La.1978): "The considerations taken into account by the trial judge should be based upon factual determinations. Among the numerous matters to be reviewed are: the defendant's personal history (e. g., age, marital status, dependents, family stability, employment, mental, emotional, and physical health); the defendant's prior criminal record; the seriousness of the crime; the circumstances of the offense; the likelihood that defendant will commit another crime; and his potential for rehabilitation * *."
Under these present circumstances, the record does not reflect reasons why consecutive sentences were imposed for two *125 counts arising out of the same incident, each having the identical aggravating factor, rather than the concurrent sentences applicable in such circumstance by usual sentencing principles.
Accordingly, while we affirm both convictions and also the twenty-five year sentence for the armed robbery, we vacate and set aside the twenty-five year sentence for the attempted murder insofar as it is made consecutive to the former sentence; and we remand the case to the district court for a hearing as to whether or not consecutive sentences should be imposed in the instant case, and for re-sentencing on the attempted murder conviction in accordance with the principles above expressed.
BOTH CONVICTIONS AFFIRMED; SENTENCE FOR ARMED ROBBERY AFFIRMED; SENTENCE FOR ATTEMPTED MURDER VACATED, AND CASE REMANDED FOR RE-SENTENCING.
SUMMERS, C. J., dissents.
MARCUS, J., concurs in part and dissents in part and assigns reasons.
BLANCHE, J., concurs in part and dissents in part for reasons assigned by MARCUS, J.
MARCUS, Justice (concurring in part and dissenting in part).
I concur in the affirmance of defendant's convictions.
La.Const. art. 1, § 20 (1974) provides that "[n]o law shall subject any person . . . to cruel, excessive, or unusual punishment." (emphasis added). Hence, I consider that our review is limited to whether the "law" subjects any person to excessive punishment, not whether a sentence in a particular case is excessive. See my dissent in State v. Sepulvado, 367 So.2d 762 (La.1979). Moreover, La.Code Crim.P. art. 878 provides that "[a] sentence shall not be set aside on the ground that it inflicts cruel or unusual punishment unless the statute under which it is imposed is found unconstitutional." Even assuming, arguendo, that this court could review a sentence in a particular case for excessiveness, I consider that an objection would be required at the time the allegedly excessive sentence is imposed. La.Code Crim.P. art. 841. This would afford the trial judge an opportunity to reconsider the sentence imposed upon objection by defendant. La.Code Crim.P. art. 881 provides that "[a]lthough the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence."
Accordingly, I respectfully concur in part and dissent in part.
NOTES
[1] La.C.Cr.P. art. 894.1 (1977) is entitled "Sentence guidelines; generally", and it provides:

A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
[2] On the remand, the trial court had afforded a sentencing hearing in order to disclose the factual basis for the sentence, before re-imposing it.
[3] See also the progeny of the Williams decisions, likewise overruled as to this holding: State v. Fisher, 362 So.2d 553 (La.1978); State v. Proctor, 354 So.2d 488 (La.1977); State v. Dickerson, 353 So.2d 262 (La.1977).
[4] Likewise, for instance, if no request for the presentence report is made by the defendant in the trial court, we will not ordinarily consider, in appellate review for excessiveness, the failure of the trial court to afford counsel access to it or its absence (sealed for our in camera inspection, if so ordered by the trial court) from the record. State v. Berain, 360 So.2d 822 (La.1978).