369 So.2d 1339 (1979)
STATE of Louisiana
v.
Carol GIST.
No. 63432.
Supreme Court of Louisiana.
April 9, 1979.
*1340 Henry C. Walker, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William E. Tilley, Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Carol Gist was charged with two counts of distribution of marijuana in separate bills of information (La.R.S. 40:966 A). Defendant pled not guilty to each indictment at the arraignment. After selection of the jury, defendant moved to withdraw her former pleas of not guilty and to enter a plea of guilty to each indictment pursuant to a plea bargain with the state. The trial judge accepted the guilty pleas after determining that they were made voluntarily with understanding of the nature of the charges. The trial judge then ordered that an "informal pre-sentence investigation" be made. At the time of sentencing, defendant filed a motion for a "pre-sentence evidentiary hearing" which was denied by the trial judge. The trial judge sentenced defendant to serve ten years at hard labor on one plea of guilty and five years at hard labor on the other. He expressly directed that the sentences be served consecutively. On appeal, defendant relies on two assignments of error.
Defendant contends the trial judge erred in denying her motion for a pre-sentence evidentiary hearing (Assignment of Error No. 1) and in imposing excessive sentences (Assignment of Error No. 2). Because of our disposition of the case based on the second assignment of error, we need not review the first one.
La.Const. art. 1, § 20 (1974) prohibits the imposition by law of excessive punishment. In State v. Sepulvado, 367 So.2d 762 (La., 1979), we held that "the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is enforceable by this court on appellate review of his conviction." With respect to the appropriate standards for that review, we further stated that: "[T]he statutory criteria legislatively provided by La.C.Cr.P. art. 894.1 which are similar to those evolved by courts in other American jurisdictions with a constitutional or statutory duty to review excessiveness, provide appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentence alternatives."
La.Code Crim.P. art. 894.1 sets forth three factors which justify a sentence imposing imprisonment, and eleven other factors which tend to indicate that a suspension of sentence or probation is appropriate.[1] The statute provides that the latter, *1341 "while not controlling the discretion of the court, shall be accorded weight" by the trial court in its sentencing decision. Likewise, the statute provides that "the court shall set for the record the considerations taken into account and the factual basis therefor in imposing sentences."
Construing this article, we have held that, even without formal objection at the time of sentencing, where the trial court imposes a sentence without adequate compliance with the mandatory requirements of this article, this court may vacate a sentence and remand for resentencing when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record. State v. Cox, 369 So.2d 118 (La.1979); State v. Jackson, 360 So.2d 842 (La.1978); State v. Scarborough, 359 So.2d 982 (La.1978); State v. Sepulvado, 359 So.2d 137 (La.1978).
In State v. Sepulvado, 367 So.2d 762 (La., 1979), we noted that the trial judge's reasons in imposing sentence, as required by this statute, "is an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive."
In State v. Cox, supra, we held that no objection is required as to excessiveness at the time of sentencing to preserve the issue for appellate review when raised by assignment of error to this court.
In the instant case, defendant did not object to the excessiveness of the sentences at the time of sentencing. However, she did assign as error to this court the excessiveness of the sentences. Hence, the issue is properly before us for review.
Defendant alleges that she is a twentytwo year old female and a first offender. Moreover, the distributions involved only two lids of marijuana. In his reasons for imposing the sentences, the trial judge stated that in less than one year defendant had been "fined sixteen times on charges ranging from speeding to resisting an officer." He further stated that he was aware of evidence implicating her in the offense of enticing minors into prostitution; however, he observed that the charge had been nolle prossed. Without going into the matter further, the trial judge sentenced defendant to serve ten years at hard labor on one plea of guilty (maximum term of imprisonment for the offense charged) and five years at hard labor on the other one, with the sentences to be served consecutively. We note from a "Post Sentence Statement by District Attorney" filed in the record that the offenses charged occurred six days apart and each offense involved a sale by defendant, who worked in a cafe, to undercover agents of a plastic bag containing marijuana for the price of twenty dollars.
*1342 Although the trial judge attempted to comply with the mandates of La.Code Crim.P. art. 894.1, the considerations taken into account and the factual basis therefor in imposing the sentences stated by the trial judge for the record do not reflect that he adequately followed the sentencing guidelines that should be considered before imposing a sentence of incarceration. Absent such full compliance with La.Code Crim.P. art. 894.1, we lack appropriate criteria by which to measure whether these sentences are excessive. Under the facts and circumstances of this case, the trial judge might well have imposed less severe sentences and suspended them in whole or in part, or placed her on probation had he accorded proper weight to the factors enumerated in La.Code Crim.P. art. 894.1. Accordingly, we must vacate defendant's sentences and remand the case to the trial court with instructions to properly consider the sentencing guidelines in the statute before imposing sentence.

DECREE
For the reasons assigned, the convictions are affirmed but the sentences imposed are vacated and set aside, and the case is remanded to the district court with instructions to the trial judge to sentence defendant in accordance with law.
SUMMERS, C. J., dissents.
NOTES
[1] La.Code Crim.P. art. 894.1 is entitled "Sentence Guidelines; Generally" and provides:

A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.