372 So.2d 1184 (1979)
STATE of Louisiana, Appellee,
v.
Earl D. TOUCHET, Jr., Appellant.
No. 63276.
Supreme Court of Louisiana.
April 9, 1979.
Dissenting Opinion July 23, 1979.
Logan L. Nichols, Jennings, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Bernard N. Marcantel, Dist. Atty., Charles R. Cassidy, Asst. Dist. Atty., Abbott J. Reeves, Research & Appeals Division, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant, 19 years of age, pleaded guilty to distribution of marijuana, La.R.S. 40:966(A)(1) and was sentenced to fours years imprisonment at hard labor.
Upon his appeal, he relies upon two assignments of error: 1) that the court imposed an unconstitutionally excessive sentence, and 2) that the court erred in not following the sentencing guidelines provided by La.C.Cr.P. art. 894.1.[1]
The evidence taken at the plea of guilty indicates that the offense involved a sale of marijuana at a profit of $1.00.
The defendant, a 19-year-old man, had no prior convictions and had been employed steadily. Following his arrest he had cooperated fully with the police. Although charged with only one sale, he admitted that he had within the last three months made several other sales for the same individual, whose identity he revealed.
In sentencing the defendant to four years in the penitentiary, the trial judge stated that one reason is for him "to be a lesson to all the other young people that they are not going to get by with it.... We're simply not going to have all these young people running up and down the streets in brand new cars, beautifully dressed, selling pot for a dollar a lid. They must have to sell a lot of it to buy these new cars."[2]
In imposing sentence, the trial court made no attempt to comply with the provisions of La.C.Cr.P. art. 894.1 (1977). The *1185 article sets forth three factors which justify a sentence imposing imprisonment, and eleven other factors which tend to indicate suspension of sentence or probation as appropriate. The statute provides that the latter, "while not controlling the discretion of the court, shall be accorded weight" by the trial court in its sentencing decision. The enactment concludes that the trial court "shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."
In State v. Jackson, 360 So.2d 842 (La. 1978), we discussed at some length the purpose of the article in requiring each sentence be particularized. We noted that not only public protection and deterrence are objectives of the sentencing process, but also rehabilitation. In that unanimous opinion, authored by former Chief Justice Sanders, we observed that the code provision "requires that the sentence be individualized.... The article establishes procedures designed to adapt the sentence to the offender as well as the offense." 360 So.2d 843-44.
We have repeatedly stated that, even without formal objection at the time, where the trial judge imposes a sentence without adequate compliance with the mandatory requirement of La.C.Cr.P. art. 894.1 that he state the considerations and the factual basis for his sentence, this court may vacate a sentence and remand for re-sentencing, when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record. State v. Jackson, 360 So.2d 842 (La.1978); State v. Scarborough, 359 So.2d 982 (La.1978); State v. Sepulvado, 359 So.2d 137 (La.1978). See also State v. Gibson, 362 So.2d 769 (La.1978). See also State v. Gist, 369 So.2d 1339 (La. 1979).
In the present case, the trial court reasons do not reflect that it adequately followed the sentencing guidelines that should be considered before imposing a sentence of incarceration as provided by La.C.Cr.P. art. 894.1. Absent such compliance, we lack appropriate criteria by which to measure whether these sentences are excessive in the performance of our constitutional duty imposed upon us by Article 1, Section 20, La.Const. of 1974. See State v. Sepulvado, 367 So.2d 762 (La.1979).
Accordingly, we must vacate the defendant's sentence and remand the case to the trial court with instructions for it to properly consider the sentencing guidelines provided by La.C.Cr.P. art. 894.1.

Decree
Although the conviction is affirmed, the sentence imposed is vacated and set aside, and the case is remanded to the district court with instructions to the trial judge to sentence the defendant in accordance with law.
CONVICTION AFFIRMED; BUT REMANDED FOR RE-SENTENCING IN ACCORDANCE WITH LAW.
SUMMERS, Chief Justice (dissenting).
I adhere to the proposition that the Constitution does not authorize this Court to review sentences of this nature on a claim that they are excessive. La.Const. Art. 1, § 20. In my view the Constitution denies the Legislature the authority to adopt any law which imposes an excessive punishment. Therefore, unless this Court is prepared to declare the penal provision unconstitutional, it is not authorized to set aside a sentence within the perimeters of that law on the ground that the punishment is excessive.
I am also of the opinion that Article 894.1 of the Code of Criminal Procedure does not require the sentencing judge to articulate the reasons for his sentence in every case. The Article does not purport to divest the sentencing judge of the broad discretion requisite to a proper performance of that important function. The guidelines are general and intended as standards to be applied in aid of sentencing when appropriate in a given case.
I respectfully dissent.
NOTES
[1] The assignments of error were filed with the trial court on November 29, 1978, and forwarded by supplemental volume filed with this court on November 30, 1978. Although not in the usual form of assignments for error, we are unwilling to deprive the defendant of appellate review, feeling that the filing of assignments of error with the trial court, was in substantial compliance with La.C.Cr.P. art. 844.
[2] The following colloquy then occurred between the court and the defendant:

"THE COURT: Do you have a new car?
"THE DEFENDANT: No, sir.
"THE COURT: You don't have any car at all?
"THE DEFENDANT: Yeah, I got a car but it's not a new one.
"THE COURT: Okay. Well, you're one of the unlucky ones, then."