PER CURIAM.
On-May 8, 1978, defendant William Jeffery Voelkel was charged by bill of information with two counts of obtaining a controlled dangerous substance by means of fraudulent representations, in violation of La.R.S. 40:971(B)(l)(b). Defendant pleaded not guilty and was tried by a jury of six persons. The jury found the defendant guilty as charged on Count I, and guilty of an attempt to commit the offense on Count II; he was sentenced to serve five years at hard labor on Count I and two and one-half years at hard labor on Count II, said sentences to run concurrently. On appeal, defendant urged twenty assignments of error.
We have reviewed the defendant’s assignments relating to alleged pretrial and trial errors and have found them to be without merit. However, two assignments — concerning the excessivene^s of the five year sentence and the trial judge’s failure to comply with La.C.Cr.P. art. 894.1 — warrant a remand for resentencing.
Article 894.1 enumerates various considerations to be taken into account in sentencing. State v. Sepulvado, 367 So.2d 762 (La.1979). It further provides that the “court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.”
We have repeatedly stated that, even without formal objection at the time, where the trial judge imposes a sentence without adequate compliance with the mandatory requirement of La.C.Cr.P. art. 894.1 that he state the considerations and the factual basis for his sentence, this court may vacate a sentence and remand for re-sentencing, when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record. State v. Jackson, 360 So.2d 842 (La.1978); State v. Scarborough, 359 So.2d 982 (La.1978); State v. Sepulvado, 359 So.2d 137 (La.1978). See also State v. Gibson, 362 So.2d 769 (La.1978). See also State v. Gist, 369 So.2d 1339 (La.1979).
In the present case, the trial court reasons do not reflect that it adequately followed the sentencing guidelines that should be considered before imposing a sentence of incarceration as provided by La.C.Cr.P. art. 894.1. Absent such compliance, we lack appropriate criteria by which to measure whether these sentences are excessive in the performance of our constitutional duty imposed upon us by Article 1, Section 20, La.Const. of 1974. See State v. Sepulvado, supra.
Accordingly, we must vacate the defendant’s sentence and remand the case to the trial court with instructions for it to properly consider the sentencing guidelines provided by La.C.Cr.P. art. 894.1.
Decree
Although the conviction is affirmed, the sentence imposed is vacated and set aside, and the case is remanded to the district court with instructions to the trial judge to sentence the defendant in accordance with law.
CONVICTION AFFIRMED; BUT REMANDED FOR RE-SENTENCING IN ACCORDANCE WITH LAW.
DENNIS, J., and STONE, J., Ad Hoc, dissent from the affirmance.