393 So.2d 721 (1981)
STATE of Louisiana
v.
Ernest MOLINET.
No. 80-KA-1955.
Supreme Court of Louisiana.
January 26, 1981.
*722 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, W. C. Douglas Friederichsen, Asst. Dist. Attys., for plaintiff-appellee.
M. Michele Fournet, Baton Rouge, for defendant-appellant.
BLANCHE, Justice.
On March 7, 1980, Ernest Molinet entered a guilty plea to the charge of possession with intent to distribute methaqualone, R.S. 40:967. On May 23, 1980 the district court imposed a sentence of 5 years at hard labor, suspended, and 5 years of active probation with special conditions which included a term of 1 year in parish prison. In addition, a fine of $5000 was imposed. Molinet's sole contention on this appeal is that the imposition of the 1 year jail term was excessive.
The jurisprudence is clear that a sentence may not be imposed just because it is within the range prescribed for the violated statute. This Court has construed the Louisiana constitutional proscription against excessive punishment as requiring a review of sentences in order to do justice in each case, regardless of any legislative assertion. State v. Sepulvado, 367 So.2d 762 (La.1979). In addition, the legislature codified sentencing guidelines in C.Cr.P. art. 894.1 to insure that sentences are individualized to fit the offender as well as the offense. State v. LaFleur, 391 So.2d 445 (La.1980); State v. Sepulvado, supra; State v. Jackson, 360 So.2d 842 (La.1978).
Code of Criminal Procedure art. 894.1 states three general conditions under which a court should impose a prison sentence, namely: undue risk that defendant will commit another crime, the defendant is in need of correctional services provided by the institution, or a lesser sentence will deprecate the seriousness of the crime. The statute lists another 11 factors which are not controlling but which shall be accorded weight in the court's determination of suspension of sentence. See also C.Cr.P. art. 893. Most important to the effectuation of the statute is Part (C), which requires the trial judge to state for the record the (894.1) considerations taken into account and the factual basis therefor when imposing sentence.
In State v. Jackson, supra, this Court catalogued the general types of facts that should be reviewed before a court determines that a particular sentencing consideration is applicable to a particular offender. These factors include the defendant's personal history (age, mental status, dependents, family, stability, employment, mental, emotional and physical health), the defendant's prior criminal history, the seriousness of the crime, the circumstances of the offense, the likelihood that the defendant will commit another crime and his potential for rehabilitation.
*723 Defendant is a 20 year old college student with no prior record of convictions or arrests. Born in Cuba, he emigrated to the United States with his parents in 1961. He lived with his family, and numerous letters written to the trial judge in his behalf attest to his close relationship with his family, the moral fiber of his parents, and the strong support offered by them.
The defendant's time seems to be divided between work and school. He attends UNO part time, where he has been working on a degree in Hotel Management and, apparently, has maintained a good average. Even in high school, defendant worked part time to contribute to his support. He has held various jobs, as an exterminator, deck hand offshore, an employee at Popeye's, and a worker at the plant his father manages. Among the letters were a few from employers, who list among defendant's good qualities "leadership", "cooperativeness", "thoughtfulness", "ingenuity", "strength", "persistence", "moral character", "hardworking" and "honesty".
The probation report, while only a guide and, admittedly not binding on the trial judge, stated:
"In view of defendant's youth, his first offender status, his apparent good attitude, and the strong family support which is evident, we feel that he has a high potential to succeed on probation, and that conversely, a prison sentence would not serve the best interests of either the individual or society."
The report also referred to the defendant's candid admission to pre-sentence investigators that he has sold drugs in the past to make money. Seizing on this one fact, the trial judge's remarks indicate that he relied solely on this admission in meting out a jail term to the defendant, for he labelled defendant a member of the "drug culture that is going on in our society". Further, when reminded of letters submitted in defendant's behalf by employers, acquaintances and family members, the judge remarked:
"You know, it's amazing that you say that, because almost everybody, when it comes time for sentencing, has learned their lesson. That's what they say, you know, just one after another. I get one statement, `He's a good boy.' `He's a fine fellow.' `Everybody likes him.'"
The foregoing remarks by the trial judge indicates an unwillingness to consider the character and attitudes of this defendant, or to particularize the sentence to him as required by the authorities previously cited. In fact, a sentence based solely upon a similar recitation was held to have been rendered without compliance with C.Cr.P. art. 894.1 in State v. Touchet, 372 So.2d 1184 (La.1979).
The trial judge's obvious irritation at letters from friends and others describing the defendant as a good boy and his conceived notion that the defendant was a member of the "drug culture" merely from defendant's admission evidently precluded him from weighing any evidence of defendant's good character. The impression gained by us from his remarks is that the judge did not consider the defendant's qualities or character and attitudes for he did not articulate their relevance in considering the sentence of imprisonment. In fact, there is no mention in the record concerning the reasons for imprisonment as provided by C.Cr.P. art. 894.1. Thus, we hold that the foregoing recitations are insufficient to constitute full compliance with C.Cr.P. art. 894.1. Absent compliance, we lack appropriate criteria by which to measure whether the sentence imposed here is excessive. The remedy for non-compliance is a vacation of the sentence and a remand to the trial court for re-sentencing. State v. Jones, 386 So.2d 85 (La. 1980); State v. Gist, 369 So.2d 1339 (La.1979); State v. Cox, 369 So.2d 118 (La. 1979); State v. Sepulvado, 359 So.2d 137 (La.1979). Accordingly, we vacate defendant's sentence and remand the case to the trial court with instructions to properly follow the mandates of C.Cr.P. art. 894.1 before imposing sentence.
LEMMON, J., dissents, believing the sentence was not excessive on the record.