404 So.2d 1235 (1981)
STATE of Louisiana
v.
Calvin DUNNS.
No. 81-KA-0527.
Supreme Court of Louisiana.
October 8, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Kevin McNary, Tom Cowan, Asst. Dist. Attys., for plaintiff-appellee.
Philip Johnson, George E. Escher of Katner & Escher, New Orleans, for defendant-appellant.
PER CURIAM.
Defendant was charged by bill of information with armed robbery in violation of La.R.S. 14:64. After trial by jury on June 11, 1979, he was found guilty as charged. On June 18, 1979, the trial court sentenced him to forty (40) years' imprisonment at hard labor. Defendant has now appealed his conviction and sentence to this Court, urging the four assignments of error filed below. We have reviewed the assignments as they relate to the jury's verdict in the case and find they lack merit. Accordingly, defendant's conviction is now affirmed. However, we agree with counsel that in imposing an apparently severe sentence, the trial court failed to comply with the sentencing guidelines in La.C.Cr.P. Art. 894.1. We therefore vacate defendant's sentence and remand this case to the trial court. State v. Cox, 369 So.2d 118 (La.1979).
The trial court began the hearing on June 18, 1979 by denying counsel's motion for a pre-sentence investigation. As a prelude to sentencing defendant, the judge then gave *1236 his views on the societal impact of the offense of armed robbery, "... that every day that passes throughout this country, people are in arms about this...[a]rming themselves in their homes to the `T'." Although La.R.S. 14:64 prohibits the suspension of sentence and probation, the trial court ultimately concluded that if probation were available, defendant posed an undue risk of committing another crime as "[h]e has shown the proclivity to do so without a doubt." At the same time, the trial court noted defendant's youth and that "... a sentence approaching the maximum would be equivalent to taking away the rest of his life." The forty-year sentence followed accordingly, a balance, in the court's view, of defendant's interests and the "...social responsibility for the legislature, the judiciary, somebody, by harsh sentence, or relatively not harsh, to try to put an end to this within the frame work of the law."
Despite this effort to weigh defendant's youth against the seriousness of his crime, we find the trial court's reasons inadequate under La.C.Cr.P. Art. 894.1. In State v. Guiden, 399 So.2d 194, 200 (La. 1981), this Court emphasized that "[w]hile the trial judge need not articulate every aggravating and mitgating circumstance presented in La.C.Cr.P. Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." The record left of sentencing should therefor indicate that the trial court considered not only the seriousness of the offense and the past record of defendant, but also defendant's personal history (age, mental status, dependents, family ties, work record, mental, emotional and physical health) and his "... potential for rehabilitation." State v. Molinet, 393 So.2d 721, 722 (La.1981); see also, State v. Jones, 398 So.2d 1040 (La.1981); State v. Jackson, 360 So.2d 842 (La.1978).
The trial court in this case was surely entitled to consider the seriousness of armed robbery in Louisiana, an offense "strongly condemned by our legislature." State v. Douglas, 389 So.2d 1263, 1267 (La. 1980) [footnote omitted]. Nevertheless, we find no basis in the record for the trial court's conclusion that defendant manifests a propensity for felonious behavior. Compare, State v. Douglas, supra. Although it appears from the trial record that defendant has a prior misdemeanor conviction for carrying a concealed weapon, he is a first felony offender. Moreover, whatever the trial court's larger sociological concerns in sentencing, we cautioned in State v. Jackson, supra, 360 So.2d 843 that "[a]rticle 894.1... requires that the sentence be individualized." The record indicates that defendant is married and has a family to support, circumstances in his favor evidently not considered by the trial court. Cf., La.C. Cr.P. Art. 894.1(B)(11).[1]
Accordingly, we agree with counsel, that the present record will not allow us to decide whether the sentence imposed in this case is excessive. Therefore, defendant's conviction is affirmed, but his sentence is vacated and the case remanded to the trial court for resentencing under La.C.Cr.P. Art. 894.1 in accord with the views expressed herein.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.
NOTES
[1] The ordering of a pre-sentence investigation lies within the discretion of the trial court under La.C.Cr.P. Art. 875, State v. Bell, 377 So.2d 275 (La.1979). We note, however, that such an investigation appears clearly desirable in cases where the sentencing range is extremely wide and the need to avoid arbitrary sentencing decisions is correspondingly greater.