408 So.2d 907 (1981)
STATE of Louisiana
v.
Danny Paul EZERNACK.
No. 81-KA-0646.
Supreme Court of Louisiana.
November 25, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., E. L. Edwards, Jr., Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
Charles R. Whitehead, Jr., of Whitehead & McCoy, Natchitoches, for defendant-appellant.
PER CURIAM.
On August 7, 1980, defendant Danny Paul Ezernack was charged by bill of information with aggravated criminal damage to property, in violation of La.R.S. 14:55. The trial court thereafter accepted defendant's plea to the lesser offense of attempt, La. R.S. 14:27, and on February 25, 1981, sentenced him to serve five years at hard labor in the custody of the Louisiana Department of Corrections. By this appeal, defendant urges that the trial court erred in imposing an excessive sentence, La.Const.1974, Art. I, § 20, and in failing to justify an apparently severe sentence according to the sentencing *908 guidelines set forth in La.C.Cr.P. art. 894.1. After reviewing this assignment, we conclude that a remand for resentencing is warranted.
Testimony presented at the guilty plea hearing indicates that the instant offense involved extensive damage to the victim's truck and mobile home caused by the discharge of three shotgun blasts. In imposing sentence herein, the trial court noted that the threat to human life posed by the blind discharge of a firearm into an occupied home was, in itself, sufficient to justify a significant term of imprisonment. Nevertheless, the court felt that defendant's first offender status warranted a sentence somewhat less than the statutory maximum of seven and one-half years, and accordingly, sentenced the defendant to five years' imprisonment at hard labor.
In this case, the trial court's preoccupation with the seriousness of the offense caused it to neglect several important mitigating factors weighing in the defendant's favor. This Court has repeatedly cautioned that "... the sentencing court should indicate that it has considered not only circumstances militating for incarceration, but also any mitigating factors." State v. Franks, 373 So.2d 1307, 1308 (La.1979). While the trial judge need not articulate every aggravating and mitigating circumstance enumerated under Article 894.1, State v. Guiden, 399 So.2d 194 (La.1981), the record left of sentencing should reflect that the trial court considered not only the seriousness of the offense and the past record of the accused, but also the defendant's personal history (age, mental status, dependents, family ties, employment record, emotional and physical health) and his "... potential for rehabilitation." State v. Molinet, 393 So.2d 721, 722 (La.1981); State v. Jones, 398 So.2d 1049 (La.1981); State v. Jackson, 360 So.2d 842 (La.1978).
Review of the presentence report filed herein reveals that the twenty-eight year old defendant has been continuously employed since his graduation from high school in 1971. In 1974, defendant married his present wife and today resides with her and his two children, Windy (age 6) and Amanda (age 2), in Zwolle, Louisiana. The report further suggests that the instant offense was induced by a combination of jealousy, intoxication and emotional strain caused by a brief period of separation from wife and family. While these circumstances hardly justified defendant's conduct, they plainly suggested an improbability that it would be repeated. The prospects for defendant's rehabilitation were further underscored by his lack of a prior criminal record and his express willingness to compensate the victim for the damages to his property.
Having failed to consider the defendant's background and character, the trial court's recitations are insufficient to constitute full compliance with C.Cr.P. art. 894.1. Absent such compliance, we lack appropriate criteria by which to measure whether the sentence imposed here is excessive. State v. Telsee, 404 So.2d 921 (La.1981); State v. Molinet, supra; State v. Smith, 389 So.2d 1262 (La.1980).
Accordingly, we affirm defendant's conviction but vacate the sentence imposed and remand the case for resentencing in accordance with law.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED.
DIXON, C. J., dissents, believing the sentence not excessive.