DAVID R.M. WILLIAMS, Justice Pro Tem.*
Defendant William D. Pope, Jr. pleaded guilty to possession of a controlled dangerous substance (marijuana) with intent to distribute, in violation of La.R.S. 40:967 and was sentenced to serve six years at hard labor. Defendant has appealed this sentence, asserting that it is unconstitutionally excessive.
The circumstances of defendant’s arrest are found in the Pre-sentence Investigation Report ordered by the trial judge. On November 1, 1980, the St. Tammany Parish Sheriff’s Office searched defendant’s resi *962 dence pursuant to a search warrant. The search yielded 5 and xh lbs. of marijuana and three scales presumably used to weigh the marijuana. The defendant and his wife were arrested and charged with violations of La.R.S. 40:967.[1]
At sentencing, the trial judge reviewed the facts of the defendant’s arrest, as contained in the Pre-sentence Investigation Report and noted some of the defendant’s personal history. Defendant is 28 years old, married, and has two minor daughters. He completed the eighth grade and has been steadily employed since that time. Although this was defendant’s first felony offense, he had previous arrests for simple battery, hunting without a license, and issuing worthless checks.
At the sentencing hearing, the trial court found no indication that there was an undue risk that the defendant would commit another crime during a period of probation or if sentence were suspended. Nevertheless, the court stated that the evidence indicated that the defendant was openly “dealing drugs” in the community, and that, therefore, there was a strong possibility that defendant’s actions caused harm to society. The judge found no provocation to defendant’s actions nor mitigating factors that were not a defense to the crime. The judge noted that the victim of the crime was society, and that the “victim” had not induced or facilitated the crime and could not be recompensed for the crimes nor restitution made. The court further stated that it could not determine whether the defendant would respond to probation. Finally, the court acknowledged that prison would be a hardship on the defendant’s family.
The court found that the defendant was in need of correctional treatment because of the seriousness of the offense. The court further reiterated its position that defendant’s actions were a grievous injury to society and concluded by .stating that a lesser sentence would deprecate the seriousness of the crime.
The defendant has appealed this sentence asserting that the trial court failed to adequately consider mitigating factors contained in the Pre-sentence Investigation Report, such as the defendant’s work record, his family, and the fact that this was his first felony offense. The maximum sentence which can be imposed for a violation of La.R.S. 40:967(A) is imprisonment at hard labor for ten years and a fine of fifteen thousand dollars.
Because the record fully shows that the court adequately considered the guidelines of La.C.Cr.Pr. Art. 894.1, in imposing sentence, our review is limited to whether the trial court abused its wide discretion in sentencing defendant. State v. Cox, 369 So.2d 118 (La.1979); see State v. Guiden, 399 So.2d 194 (La.1981).
We find, that in view of the circumstances of the defendant’s crime, the sentence is not unconstitutional. The facts presented by this case do not merit a reversal on the ground that the trial court abused its discretion in sentencing defendant.
For the foregoing reasons the sentence imposed upon the defendant is affirmed.

 Judges David R.M. Williams, Charles R. Ward and William H. Byrnes, III, of the Court of Appeal, Fourth Circuit participated in this opinion as Associate Justices Pro Tempore with Chief Justice Dixon and Associate Justices Ca-logero, Dennis and Watson.

. The charges against the defendant’s wife were later dropped.