LEMMON, Justice,
dissenting.
The majority takes the position that the sentencing limitation of La.R.S. 13:2501.1(J) (and, by implication, of La.C.Cr.P. Art. 493.1) applies only when the district attorney chooses to charge a series of related misdemeanors in a single bill of information or affidavit and not when the defendant consolidates joinable misdemeanors which were charged in separate documents. Under this position, the district attorney has the option either (1) to charge related misdemeanors in a single document, thereby limiting defendant’s sentencing exposure to six months and avoiding a jury trial, or (2) to charge joinable misdemeanors in separate documents, thereby continuing defendant’s sentencing exposure at the combined total of the statutory maximum penalties specified for each offense. The district attorney, by choosing the first option, gives up the greater sentencing exposure but avoids a jury trial. If the district attorney chooses the second option, the defendant may consolidate the joinable misdemeanors and thereby secure a jury trial, but his penalty exposure is not reduced. Since the choice rests solely with the district attorney, the defendant cannot utilize the statute to secure the benefit of limited sentencing exposure.
I disagree with the majority’s position both on the basis of statutory interpretation and on the basis of basic fairness to the defendant. The intent of the Legislature was to limit the sentencing exposure of a defendant charged with several joina-ble misdemeanors and thereby permit the trial of multiple non-serious offenses in a *888 single proceeding without a jury. The purpose was to obviate the need for a jury trial by limiting sentencing exposure for misdemeanors properly tried in a single proceeding, whether the limitation resulted from the district attorney’s initial charging decision or from the granting of a defense motion to consolidate. The statute should be interpreted in accordance with this intent and purpose, and the sentencing limitation should also be applied when the defendant properly consolidates the offenses for trial.[1]
This statutory construction also accords with principles of fundamental fairness. If the district attorney can utilize the statute to join several misdemeanors so as to avoid a jury trial, the defendant must in fairness be allowed to consolidate joinable misdemeanors so as to secure the sentencing limitation afforded by the statute (although application of the statute would preclude a jury).
I would hold the statute constitutional, but would further hold that the trial court’s action in granting defendant’s motion to consolidate had the same effect of reducing the penalty exposure as though the offenses had initially been charged in a single affidavit.[2] Therefore, defendant was not entitled to a trial by jury, and the traffic court did not lack jurisdiction to try the case.[3] I would affirm the denial of the motion to quash.

. Once the offenses have been consolidated for trial upon motion of the defendant, the procedure thereafter shall be the same as if the prosecution were under a single indictment. La.C. Cr.P. Art. 706.

. This construction also comports with the statutory and jurisprudential position that concurrent (as opposed to consecutive) sentences should normally be imposed in cases of multiple offenses (particularly non-serious offenses) arising from a common scheme or from the same act or transaction. See La.C.Cr.P. Art. 883; State v. Underwood, 353 So.2d 1013 (La.1977); State v. Cox, 369 So.2d 118 (La.1979). As this court stated in Cox:
"As we stated in State v. Underwood, 353 So.2d 1013, 1019 (La.1977), ‘Based on American theory and practice concurrent rather than consecutive sentences are the usual rule, at least for a defendant without criminal record and in the absence of a showing that the public safety requires a longer sentence.’ We there noted that one reason advanced to permit joinder and trial of two or more offenses, at the same time was to facilitate the imposition of concurrent rather than consecutive sentences. 353 So.2d 1019 (footnote 6).
“See: American Bar Association Standards Relating to Sentencing Alternatives and Procedures, Standard 3.4 (1968); American Law Institute Model Penal Code, Section 7.06 (1962); National Advisory Commission on Criminal Justice Standards and Goals, Corrections Standard 5.6; National Council on Crime and Delinquency, Model Sentencing Act 2d, Section 17 (1972), reprinted at 18 Crime and Delinquency 335 at 367 (1972); and official commentaries following each such statement of sentencing principle.
"These standards contemplate the normal imposition of concurrent standards, with consecutive sentences to be imposed only under certain circumscribed conditions. As succinctly summarized by Commentary c, Standard 3.4 ABA Standards Relating to Sentencing Alternatives and Procedures, at p. 177 (Approved Draft, 1968):
“ 'The function of the consecutive sentence should be similar to the function of the sentence imposed on habitual or dangerous offenders. Because of his repeated criminality the offender who has rendered himself subject to multiple sentences may pose the same type of unusual risk of the safety of the public. It would thus appear that he should be treated in a similar fashion.'” (Emphasis supplied.) 369 So.2d at 123-24.
The effect of joinder or consolidation of non-jury triable misdemeanors is thus essentially the same as requiring concurrent sentences in such cases. That is, the maximum total sentencing exposure for several offenses committed in the same occurrence or transaction is the same as that provided for any one of the offenses.
La.C.Cr.P. Art. 493.1 and La.R.S. 13:2501.1 deal with the joinder (and, I believe, consolidation) only of non-felonious offenses. Therefore, it is logical to assume that the Legislature intended to limit statutorily the penalty exposure in order to avoid a jury trial for these kinds of cases, since under the jurisprudence (and practice) the likelihood of concurrent sentences was very high even if the cases were prosecuted separately.

.Although the Louisiana Constitution does not itself deprive city, parish, municipal and traffic courts of jurisdiction to try misdemeanor offenses which, because of the penalty exposure, require a jury trial under La. Const. Art. I § 17 (1974), the statutes defining the jurisdiction of those courts may limit them to the trial of non-jury triable misdemeanor offenses. The Constitution only requires that felony cases be *889 tried in district court, La. Const. Art. V § 16 (1974), but statutes creating the lower courts may not provide for jury trials of non-felony offenses, and those courts are thereby deprived legislatively of the authority to try misdemeanor cases requiring trial by jury.
It would be anomalous for the Legislature to design a situation whereby a defendant could effectively defeat the authority of the court to try him by moving to consolidate. It is more reasonable to assume that the provisions of La. R.S. 13:2501.1(J) and La.C.Cr.P. Art. 493.1 were designed to eliminate the need for jury trials by limiting penalty exposure whenever the offenses are to be tried in a single proceeding, thereby permitting the various city, municipal, parish and traffic courts to continue to handle cases of multiple joinable misdemeanor offenses.