G. WILLIAM SWIFT, Jr., Judge Pro Tem.
The defendant, Floyd Senegal, was charged by bill of information with two counts of distribution of phenmetrazine, in violation of La.R.S. 40:967. After a trial and conviction on both counts, he was sentenced to serve two consecutive ten year terms at hard labor. Defendant appeals the sentence alleging that it is excessive and not supported by the record. We vacate the sentence and remand the case for resentencing.
On February 27, 1986, Detective Mike Smith of the Lafayette Parish Sheriff’s Department received a telephone call from a confidential informant notifying him about the possibility of purchasing some phenme-trazine, commonly known as preludin, from the defendant. Detective Smith was given *764 the location where he could meet defendant and left immediately. Upon arrival at Swifty Food Store, the detective waited until the defendant drove up. Detective Smith approached the defendant and, after a very short discussion, purchased eight pills from him for $200.00 cash. Thereafter, Smith returned to the sheriff’s office and turned the pills over to an evidence custodian. The next day the detective again met the defendant at the food store and purchased another eight pills for $200.00. The second purchase was also initiated by a call from the confidential informant. Thereafter, all sixteen pills were sent to the Acadiana Criminalistics Laboratory where they were identified by chemical examination as being phenmetra-zine, a controlled dangerous substance under Schedule II, C, 3 of the statute. Arrest warrants were executed and the defendant was arrested and charged as aforesaid. On November 19, 1986, he was convicted by a twelve man jury of two counts of distribution of phenmetrazine. Thereafter, he was sentenced to two consecutive ten year terms of hard labor, to be served consecutive to any sentence defendant is now serving, and he has appealed.
A ten year sentence on each count is the maximum time of incarceration that could have been imposed on the defendant. Thus, this sentence is within the limit of La.R.S. 40:967. However, even a sentence which falls within the statutory limit may violate a defendant’s right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).
In this instance we are unable to determine from the record whether the trial judge abused his discretion in imposing this severe sentence as he has not articulated the reasons therefore as required by La.C. Cr.P. Art. 894.1. State v. Bias, 461 So.2d 500 (La.App. 3 Cir.1984).
The trial judge is required to state for the record both the considerations he has taken into account, and the factual basis, for imposition of sentence. La.C.Cr.P. Art. 894; State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978). Articulation of the reasons for sentence under Art. 894.1 is especially important in cases where the maximum sentence is imposed. State v. Brockett, 471 So.2d 867 (La.App. 2 Cir.1985).
While the trial court does not have to state every aggravating and mitigating factor, the record must reflect that he considered the statutory guidelines in Art. 894.1. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App. 3 Cir.1983).
Important elements which should be considered include, among other things, the defendant’s personal history, prior record, seriousness of the instant offense, and likelihood of recidivism, or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983); State v. Ezernack, 408 So.2d 907 (La.1981).
In the instant case, the record does not reflect that the trial judge complied with Art. 894.1. Aside from his comment that the defendant needed institutionalization, that this made his third such conviction, and that as a “dealer” he should be removed from society, there is no indication that the judge considered any of the other factors listed in Art. 894.1.
Accordingly, the defendant’s conviction is affirmed. The sentence is vacated and the case is remanded for resentencing in accordance with law.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.