373 So.2d 1307 (1979)
STATE of Louisiana
v.
Roy McCloud FRANKS.
Nos. 63849, 63850.
Supreme Court of Louisiana.
July 5, 1979.
Rehearing Denied September 4, 1979.
Richard V. Burnes, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Lowen B. Loftin, Dist. Atty., W. R. Coenen, Jr., Asst. Dist. Atty., Rayville, for plaintiff-appellee.
PER CURIAM.
Roy McCloud Franks was indicted on charges of aggravated kidnapping, aggravated rape, and armed robbery. La.R.S. 14:44, 14:42, 14:64. Counsel was appointed for defendant, and trial was scheduled for October 10, 1978. On that date, pursuant to a plea bargain, the defendant pled guilty to attempted aggravated rape and armed robbery, while the charge of aggravated kidnapping was dismissed. After questioning the defendant, the court accepted his pleas. The defendant was sentenced to serve eighteen years at hard labor for the attempted aggravated rape, and thirty years at hard labor without benefit of parole, probation, or suspension of sentence for the armed robbery. The court specified that the sentences were to be served consecutively.
On appeal, defendant has argued six assignments of error. The first four urge that the pleas of guilty were not voluntary. We are unable to find merit in these contentions *1308 based on the record before us. These same arguments, however, might be raised in an application for a writ of habeas corpus. See State v. Duplantis, 367 So.2d 858 (La.1979); State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977).
Assignments of error numbers five and six urge error in the court's failure to state for the record the reasons for sentencing, and the imposition of consecutive rather than concurrent sentences. In sentencing defendant the trial court noted that the defendant "was in need of correctional treatment and a custodial environment", and that any sentence less than the one imposed "would deprecate the seriousness of the crimes committed." This broad language does not satisfy the requirement that the trial court state for the record the considerations taken into account and the factual basis therefor in imposing sentence. La.C.Cr.P. art. 894.1; State v. Touchet, 372 So.2d 1184 (La.1979); State v. Jackson and Hebert, 360 So.2d 842 (La.1978). Moreover, the sentencing court should indicate that it has considered not only the circumstances militating for incarceration, but also any mitigating factors. State v. Gist, 369 So.2d 1339 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). The imposition of consecutive rather than concurrent sentences for crimes arising from a single course of conduct requires particular justification. State v. Jacobs, 371 So.2d 727 (La.1979) (on rehearing); State v. Cox, 369 So.2d 118 (La.1979).
Accordingly, the defendant's convictions are affirmed. The sentences are vacated, however, and the case remanded to the district court for re-sentencing with a full statement of reasons for the particular sentences imposed.
SUMMERS, C. J., absent.