389 So.2d 1262 (1980)
STATE of Louisiana
v.
Simon SMITH, Jr.
No. 67295.
Supreme Court of Louisiana.
September 12, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John Sturgeon, Dist. Atty., Glenn Gremillion, Asst. Dist. Atty., for plaintiff-appellee.
Harvey R. Lexing, Monroe, for defendant-appellant.
PER CURIAM.
Defendant was charged by bill of information with aggravated battery, in violation of La.R.S. 14:34. After trial by jury, November 5, 1979, he was found guilty as charged. On November 21, 1979, the trial court sentenced him to nine years' imprisonment at hard labor, one short of the maximum. Defendant has now appealed his conviction and sentence to this Court, urging the twenty assignments of error filed below. We have reviewed the assignments challenging the verdict in this case, and find them without merit. Accordingly, we affirm defendant's conviction. We agree with defendant, however, that in imposing an apparently severe sentence in this case, the trial court failed to comply adequately with the sentencing guidelines set forth in La.C.Cr.P. Art. 894.1.[*] We therefore remand this case to the trial court for that compliance.
*1263 In a statement of reasons filed in the record on the same day as sentencing, November 21, 1979, the trial court found "... that Article [] 894.1, Section A, Paragraphs 1, 2 and 3 are applicable," and that "none of the provisions of Section B of Article 894.1 apply. . .". The trial court also noted that defendant had a prior felony conviction in 1970. On this basis, the court imposed its nine-year sentence at hard labor.
In State v. Franks, 373 So.2d 1307, 1308 (La.1979), this Court made clear that a broad re-statement by a trial judge of the factors militating for incarceration under Art. 894.1(A) "... does not satisfy the requirement that the trial court state for the record the considerations taken into account and the factual basis therefore in imposing sentence [as required by Art. 894.1(C)]." On this record, we are therefore unable to determine what weight the trial court accorded defendant's prior record in its sentencing decision, considering also the circumstances of the offense, and the presence or absence of the mitigating factors set out in Art. 894.1(B). To this extent, we are thus unable to review defendant's further claim that his sentence is excessive. State v. Dye, 384 So.2d 420 (La.1980); State v. Kenner, 384 So.2d 413 (La.1980); State v. Spencer, 374 So.2d 1195 (La.1979).
Accordingly, defendant's conviction is affirmed, and his sentence is vacated, and the case remanded for resentencing with a full statement of reasons in support of the particular sentence imposed.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED.
BLANCHE, J., dissents.
NOTES
[*] Although defendant did not object at the time of sentencing that the trial court had not complied with Art. 894.1, or that the sentence imposed was excessive, we have held that this failing will not bar later review of either complaint. See State v. Bourgeois, 388 So.2d 359, September 3, 1980, No. 66,656; State v. Gist, 369 So.2d 339 (La. 1979); State v. Cox, 369 So.2d 118 (La. 1979).