408 So.2d 1108 (1981)
STATE of Louisiana
v.
Roger CUPIT.
No. 81-KA-0844.
Supreme Court of Louisiana.
November 27, 1981.
*1109 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Duncan Kemp, Dist. Atty., Abbott J. Reeves and Frank Koles, Asst. Dist. Attys., for plaintiff-appellee.
Bryan E. Bush, Jr., of Bush & Marabella, Baton Rouge, for defendant-appellant.
PER CURIAM.
On June 19, 1980, defendant Roger Cupit was charged by bill of information with simple burglary, in violation of La.R.S. 14:62. The trial court subsequently accepted defendant's plea of guilty as an accessory after the fact, La.R.S. 14:25, and, on January 13, 1981, sentenced him to three years' imprisonment at hard labor. Defendant now appeals, challenging this sentence as excessive, La.Const.1974, Art. 1, § 20, and inadequately supported by the trial court's statement of sentencing reasons. La.C.Cr.P. Art. 894.1.[1] Finding merit in the latter contention, we vacate the sentence and remand for resentencing.
The instant prosecution concerned a theft of riding saddles from a barn in Livingston Parish. Testimony adduced at the guilty plea hearing showed that defendant had unknowingly driven a juvenile friend to a location near the scene of the burglary where the pair had parted company. Returning later to pick up his friend, defendant found the juvenile in possession of a saddle which defendant knew to be stolen. Despite his knowledge, defendant asked no questions and simply returned home. The juvenile subsequently sold the stolen saddle to his father, a horse trader in Greensburg, Louisiana.
At the time of this offense, the nineteen-year-old defendant had no prior convictions and had been employed steadily. Following his arrest, defendant gave a statement admitting his role in the offense; independent police verification of defendant's account resulted in reduction of the charges against him. Indeed, because defendant's role in the offense was so insignificant, the investigating officer recommended that he be given probationary treatment.
In sentencing the defendant to three years in the penitentiary, the trial judge merely recited the sentencing guidelines contained in paragraph (A) of La.C.Cr.P. Art. 894.1, finding "undue risk that during a period of suspended sentence or probation, that the defendant would commit another crime; [that] the defendant is in need of correctional treatment and a custodial environment; and [that] a lesser sentence would deprecate the seriousness of this offense."
We have repeatedly held that such a broad statement of the criteria justifying a sentence of imprisonment "... does not satisfy the requirement that the trial court state for the record the considerations taken into account and the factual basis therefore in imposing sentence." State v. Franks, 373 So.2d 1307, 1308 (La.1979); see also, State v. Touchet, 372 So.2d 1184 (La. 1979); State v. Jackson, 360 So.2d 842 (La. 1978). While the trial judge need not articulate every aggravating and mitigating circumstance enumerated under Article 894.1, the record must reflect that it adequately considered these guidelines in particularizing the sentence to the accused. State v. *1110 Guiden, 399 So.2d 842 (La.1981). Such factual justification is especially crucial where, as here, the accused's guilty plea leaves no other evidence of record which clearly illumines the trial court's sentencing choice. State v. Spruell, 403 So.2d 63 (La.1981).
In the present case, it appears that the trial court not only failed to consider defendant's character, personal history, and "... potential for rehabilitation," State v. Molinet, 393 So.2d 721, 722 (La.1979), but that it also greatly overestimated the significance of those factors weighing in favor of incarceration. Considering his rather minimal participation in the instant offense, the youthful defendant's after-the-fact acquiescence in his friend's criminal behavior was hardly so serious, in itself, as to justify a lengthy prison sentence.
The imposition of such an apparently severe sentence requires record justification by the trial court, whose responsibility it is to ensure that the sentence has a sufficient informational basis to protect the accused's right of review on appeal. Absent such consideration, we lack appropriate criteria by which to measure whether this sentence is excessive under our state constitution. State v. Smith, supra; State v. Dye, 384 So.2d 420 (La.1980); State v. Kenner, 384 So.2d 413 (La.1980).
Accordingly, we affirm defendant's conviction but vacate the sentence imposed and remand the case for resentencing in accordance with law.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED.
NOTES
[1] Although the defendant did not object at the time of sentencing that the trial court had not complied with Art. 894.1, or that the sentence imposed was excessive, we have held that this failing will not bar later review of either complaint. State v. Smith, 389 So.2d 1262 (La. 1980); State v. Bourgeois, 388 So.2d 359 (La. 1980); State v. Cox, 369 So.2d 118 (La.1979).