PER CURIAM.
On November 25, 1980 defendant Mark Lejeune was charged in separate bills of information with five counts of theft, in violation of La.R.S. 14:67. The basis of the charges was a series of unauthorized entries into privately owned vehicles located in the parking lot of the Elton School in Elton, Louisiana on the evening of October 31, 1980. At his arraignment on March 17, 1981, defendant pleaded guilty to all charges and received concurrent terms of two years’ imprisonment at hard labor on each count. He now appeals these sentences to this Court, complaining that they are excessive, La.Const.1974, Art. 1, § 20, and inadequately supported by the trial court’s statement of sentencing reasons, La. C.Cr.P. Art. 894.1. Finding merit in this contention, we vacate the sentence imposed and remand for resentencing.
At the time of these offenses, Lejeune was a nineteen-year-old with no prior adult or juvenile criminal record beyond minor traffic offenses. He had a consistent work history and a favorable community reputation. Defendant had made restitution to all victims of his crimes. Despite this apparent evidence of mitigation, the trial court emphasized only “the seriousness of this defendant’s crime;” adding that the defendant “is going to the penitentiary because we must stop this in this parish.” There is little other discussion of the basis for sentence apart from references to the pain and suffering brought upon victims of such crimes and the families of the perpetrators.
*1388 Our Court’s review must analyze the defendant’s sentence to determine if the trial court has abused its discretion in imposing the sentence. State v. Bing, 410 So.2d 227 (La.1982); State v. McDermitt, 406 So.2d 195 (La.1981); State v. Bourgeois, 406 So.2d 550 (La.1981). Moreover, this Court determined in State v. Cox, 369 So.2d 118, 121 (La.1979), that it “. . . may vacate a sentence and remand for resentencing, when the reasons for an apparently severe sentence in relation to a particular offender and the actual offense committed do not appear in the record.” See also, State v. Russell, 397 So.2d 1319, 1325 (La.1981). In the present case, the serious nature of defendant’s conduct, for which he was given a penitentiary sentence, must be considered along with any mitigating factors presented. While the trial court need not articulate every aggravating and mitigating circumstance enumerated under La.C.Cr.P. Art. 894.1, the record must reflect that it adequately considered those guidelines in particularizing the sentence to the accused. State v. Grey, 408 So.2d 1239 (La.1982); State v. Franks, 373 So.2d 1307 (La.1979). Absent such consideration, we lack appropriate criteria by which to measure whether this sentence is excessive under our state constitution. State v. Smith, 389 So.2d 1262 (La.1980); State v. Dye, 384 So.2d 420 (La.1980); State v. Kenner, 384 So.2d 413 (La.1980).
In the instant case the trial court has failed to explain properly its sentencing considerations and the factual basis therefor. Accordingly, we affirm defendant’s conviction, but vacate the sentence imposed and remand the case for resentencing in accordance with law.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED.
LEMMON, J., dissents.