PER CURIAM.
Defendant was charged by bill of information with aggravated battery in violation of La.R.S. 14:34. After trial by jury beginning on June 12, 1981, he was found guilty as charged. On August 21, 1981, the trial court sentenced him to three (3) years’ imprisonment at hard labor. Defendant has now appealed his conviction and sentence to this Court, urging that the trial court failed to comply with the sentencing guidelines in La.C.Cr.P. art. 894.1 and imposed an excessive sentence. While we affirm defendant’s conviction, we agree that the trial court’s reasons do not support the apparently severe sentence imposed, State v. Cox, 369 So.2d 118 (La.1979). Accordingly, we vacate defendant’s sentence and remand for resentencing.
At the hearing on August 21, 1981, the trial court referred to defendant’s pre-sen-tence report and stated that “... a confinement sentence is appropriate in this case, primarily on the basis of the seriousness of the offense, the past spotty employment of the defendant and the showing by the report that he [has] not led a life free of criminal involvement altogether in the past.”
The trial court’s reasons do not reflect that it has considered “... not only the circumstances militating for incarceration, but also any mitigating factors,” State v. Franks, 373 So.2d 1307, 1308 (La.1979). The pre-sentence report indicates that defendant is a relatively young, first felony offender, with a short prior record of minor misdemeanor convictions and one arrest for theft. Until the present offense, defendant had lived with the victim for the past 11 years. He has one child by that relationship and has provided his family with support by working with a local lumber company. The victim was apparently not seriously injured by defendant’s actions.
On this record, we find that the trial court has not complied with the guidelines provided by La.C.Cr.P. art. 894.1 and that the present reasons do not justify the choice of imprisonment over probation or the length of the term imposed at hard labor. We therefore affirm defendant’s conviction *937 but vacate his sentence and remand the case for resentencing in accord with the views expressed herein.
CONVICTION AFFIRMED: SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.