FRED W. JONES, Jr., Judge.
After a trial by jury, defendant was found guilty, as charged, of the offense of aggravated battery (La.R.S. 14:34) and sentenced to be imprisoned at hard labor for three years. Upon appeal to the Louisiana Supreme Court, the conviction was affirmed but the sentence vacated because the trial judge did not follow the guidelines set forth in La.C.Cr.P. Article 894.1. See State v. McClain, 415 So.2d 936 (La.1982). The case was remanded to the trial court for resentencing of the defendant.
In compliance with the higher court directive, and after adverting to the criteria of Article 894.1, the trial judge again sentenced the defendant to be imprisoned at hard labor for three years. Defendant appealed the sentence, complaining in his assignments of error that the trial judge failed to follow the sentencing guidelines contained in Article 894.1 and that the sentence imposed is excessive.
The imposition of an excessive sentence is prohibited. Article 1, § 20, Louisiana Constitution of 1974. Even though within statutory limits, a sentence may violate a defendant’s right against excessive punishment under the particular circumstances of the case. State v. Grey, 408 So.2d 1239 (La.1982).
*339 The trial court’s statement of reasons in imposing sentence, as required by Article 894.1, is an important aid to an appellate court when called upon to review a sentence complained of as excessive. The purpose of this requirement is to assure that each sentence be particularized and adapted to the offender as well as to the offense. State v. Jackson, 360 So.2d 842 (La.1978).
According to the record, prior to re-sentencing the defendant, the trial judge expressly and specifically referred to each criterion contained in Article 894.1, discussing both aggravating and mitigating factors. After reviewing the report of the pre-sentence investigation, the trial judge noted that: the 29 year old defendant struck the female victim (with whom defendant had lived out of wedlock for 11 years and by whom he had one child) over the head several times with a pistol; the defendant had several prior misdemeanor convictions; the relationship between the defendant and the victim had been plagued by constant bickering and fighting; the victim did nothing to provoke the battery; defendant was unemployed at the time of the offense and had a “spotty” employment history; difficulties between the defendant and the victim would likely continue if the defendant received a suspended sentence; confinement of the defendant would not result in excessive hardship for him or his dependents.
By thus stating for the record the considerations taken into account and the factual bases for the sentence, the trial judge adequately complied with Article 894.1.
The next question is whether the sentence of imprisonment at hard labor for three years (out of a possible maximum sentence of 10 years) is excessive. It is recognized that a trial judge is given wide discretion in the imposition of a sentence within statutory limits and that the sentence imposed by him should not be set aside as excessive in the absence of an abuse of his discretion. State v. Forshee, 395 So.2d 742 (La.1981).
Viewed against the background of the criteria expressed in Article 894.1, the circumstances of this particular offense, and the trial judge’s explanation of the factual bases for his resentencing of the defendant, we conclude that the sentence imposed is not excessive.
For these reasons, finding no merit in defendant’s assignments of error, we affirm the sentence imposed upon resentencing.