NORRIS, Judge,
dissenting.
I respectfully dissent. As the majority correctly states, “[w]e have no difficulty that the trial judge’s reasons for sentencing in this cause were inadequate.” Here, insofar as the record reflects, the trial judge did not comply at all with La.C.Cr.P. Art. 894.1. He failed to adequately articulate either aggravating or mitigating factors. I do not consider that the record reflects that any of these factors were taken into account in imposing sentence on this defendant and will not assume that the trial judge would not have imposed a probated or suspended sentence geared toward rehabilitation had he fully considered all of the factors enumerated in La.C.Cr.P. Art. 894.1.
I read that article as mandating that the trial court state for the record the considerations taken into account and the factual bases therefor in imposing sentence. When the trial court does not state for the record the considerations taken into account and the factual bases therefor in imposing sentence, we are deprived of the most crucial information available to us when called upon to exercise our constitutional function to review a sentence complained of as excessive. See State v. Sepulvado, 367 So.2d 762 (La.1979).
In State v. Roberts, 427 So.2d 1300 (La.App. 2d Cir.1983), we stated:
The trial judge need not articulate every aggravating and mitigating circumstance, however, the record must reflect an adequate consideration of the art. 894.1 guidelines. State v. Grey, 408 So.2d 1239 (La.1982).
The requirements of art. 894.1 are met when the trial judge states the considerations taken into account, and the factual basis therefore, in imposing sentence. State v. Donahue, 408 So.2d 1262 (La.1982).
Where the record clearly illumines the sentencing choice, the failure to fully comply with art. 894.1 does not invalidate the sentence. State v. Martin, 400 So.2d 1063 (La.1981); State v. Green, 409 So.2d 563 (La.1982). [Emphasis added.]
Here, the trial court, as admitted by the majority, failed to adequately comply with La.C.Cr.P. Art. 894.1. However, the majority feels the record provides a sufficient basis for the sentence imposed. Again, I disagree. There is no record of a trial for us to review since this sentence resulted from a guilty plea. Furthermore, the transcript of the taking of the guilty plea, which might have given additional factual insight, is not contained within this record. The majority gathers its “evidence of record” which “clearly illumines” the trial court’s sentencing choice apparently from the affidavit of arrest, the bill of information and the “double hearsay” contained in the presentence report — all of which the defendant might have been able to explain or refute at the sentencing hearing had the trial court stated for the record that it based its sentence thereon. However, on appeal, the defendant has absolutely no opportunity to explain or refute such information if we use it to justify the sentence.[1]
In State v. Cupit, 408 So.2d 1108 (La.1981), the Supreme Court stated:
In sentencing the defendant to three years in the penitentiary, the trial judge merely recited the sentencing guidelines contained in paragraph (A) of La.C.Cr.P. Art. 894.1, finding “undue risk that during a period of suspended sentence or probation, that the defendant would commit another crime; [that] the defendant *459 is in need of correctional treatment and a custodial environment; and [that] a lesser sentence would deprecate the seriousness of this offense.”
We have repeatedly held that such a broad statement of the criteria justifying a sentence of imprisonment “... does not satisfy the requirement that the trial court state for the record the considerations taken into account and the factual basis therefore in imposing sentence.” State v. Franks, 373 So.2d 1307, 1308 (La.1979); see also, State v. Touchet, 372 So.2d 1184 (La.1979); State v. Jackson, 360 So.2d 842 (La.1978). While the trial judge need not articulate every aggravating and mitigating circumstance enumerated under Article 894.1, the record must reflect that it adequately considered these guidelines in particularizing the sentence to the accused. State v. Gulden, 399 So.2d 194 (La.1981). Such iactual justification is especially crucial where, as here, the accused’s guilty plea leaves no other evidence of record which clearly illumines the trial court’s sentencing choice. State v. Spruell, 403 So.2d 63 (La.1981). [Emphasis added.]
Furthermore, as stated in State v. Duncan, 420 So.2d 1105 (La.1982):
Under La.C.Cr.P. 894.1, the trial judge must state the considerations taken into account and the factual basis therefor in imposing sentence. While the trial judge need not articulate every aggravating and mitigating circumstance, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Guiden, 399 So.2d 194 (La.1981); State v. Vaughn, 378 So.2d 905 (La.1979); State v. Franks, 373 So.2d 1307 (La.1979). The judge should indicate that he has considered not only the factors militating for incarceration, but also any mitigating factors. State v. Gist, 369 So.2d 1339 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Franks, supra.
* * * .* * *
... Under the circumstances of this case, the trial judge might well have imposed a less severe sentence had he considered these mitigating factors.
That rationale is equally operative in this case. The trial judge did note that the defendant had been heavily involved with drug use in the past, had a juvenile record [as a runaway], had no adult misdemeanor or felony record, her age [25 years old], and her “disregard for the norms of society.” In reality, the limited factors articulated as considered below, while insufficient to comply with La.C.Cr.P. Art. 894.1, and while admittedly not controlling of the trial court’s discretion, weigh in favor of a suspended sentence or probation. While I am not prepared to say that this defendant should be granted probation or a suspended sentence, I do say that the record is woefully inadequate for us to assume on review that the trial judge considered and properly weighed the mitigating and aggravating factors to particularize this sentence to this defendant. Under the circumstances of this case as “factually evidenced” by this record, the trial judge might well have imposed a less severe sentence had he considered all the factors of La.C.Cr.P. Art. 894.1.
What the majority in effect says to trial judges in our circuit is as long as you do not impose what we consider to be an “apparently severe” sentence, even absent evidence elsewhere of record which “clearly illumines” the sentencing choice, you have our permission to ignore the mandatory language of La.C.Cr.P. Art. 894.1. I do not believe that we have such authority to sanction disregard of the legislature’s mandate even under the guise of “judicial economy.” I would remand for compliance with La.C. Cr.P. Art. 894.1 and re-sentencing.

. In State v. Cox, 369 So.2d 118 (La.1979), the Supreme Court stated:
... the legislature has itself provided that the trial court, in imposing sentence, must state the consideration^] taken into account and the factual basis therefore (sic). Since these decisions, the jurisprudence has made clear that the defendant must be given an opportunity to rebut or explain misinformation upon which the trial [judge] relies or to which it is exposed in its sentencing decision. State v. Trahan, 367 So.2d 752 (La.1978); State v. Segers, 357 So.2d 1 (La.1978); State v. Underwood, 353 So.2d 1013 (La.1977). The latter holdings necessarily imply that the accused must likewise be given an opportunity to make a showing, by argument of counsel or otherwise, of mitigating factors under La.C.Cr.P. Art. 894.1 B which the trial court may have overlooked. [Brackets added.]