_JjAMY, Judge.
The defendant was charged as an accessory after the fact for assisting her brother in committing a theft of over five hundred dollars. The defendant filed a motion to quash the bill of information arguing that since her brother was a juvenile, he could not be classified as a “felon” under the statute relating to accessory after the fact. The motion was granted by the trial court. The State appeals. For the following reasons, we reverse.
Factual and Procedural Background
On August 26, 1998, the defendant, Cherilyn Tomeka Gregory, was charged by bill of information with violation of La.R.S. 14:25 and La.R.S. 14:67, accessory after the fact for aiding her juvenile brother in committing a theft of over five hundred dollars. The record establishes that the alleged theft underlying the charge involved the theft of money from a nail salon in DeRidder, Louisiana. The defendant was arraigned and entered a plea of not guilty to the charge.
|gOn October 16, 1998, the defendant filed a Motion to Quash the Bill of Information which was subsequently heard and *724 granted by the trial court. Although the State timely filed a writ application with this court in which a reversal of the trial court’s ruling was sought, this court declined to review the merits of the writ as it was improperly filed as a writ instead of an appeal. Following a remand to the trial court, the State filed this appeal assigning the ruling to quash the charge as error and presenting the following as the sole issue for review:[1] “Can an adult be charged, tried, convicted and sentenced for the offense of accessory after the fact when the offender being harbored, concealed and aided is a juvenile, under the age of seventeen years?”
Discussion
The defendant in this matter was charged with violation of La.R.S. 14:25, accessory after the fact, which provides as follows:
An accessory after the fact is any person who, after the commission of a felony,[2] shall harbor, conceal, or aid the offender, |3knowing or having reasonable ground to believe that he has committed the felony, and with the intent that he may avoid or escape from arrest, trial, conviction, or punishment. ‘
Am accessory after the fact may be tried and punished, notwithstanding the fact that the principal felon may not have been arrested, tried, convicted, or amenable to justice.
Whoever becomes an accessory after the fact shall be fined not more than five hundred dollars, or imprisoned, with or without hard labor, for not more than five years, or both; provided that in no case shall his punishment be greater than one-half of the maximum provided by law for a principal offender.
(Footnote added.)
At the hearing on the motion to quash, the defendant argued the charge of accessory after the fact was invalid because the purported felon who committed the underlying felony was a minor child and, therefore, could not be a “felon” as outlined in the statute. In granting the motion, the trial court reasoned as follows:
Just for the record, I want to state that this matter came to my attention in the course of preparing instructions for the jury. I, at that time, had some doubts that R.S. 14:25 could be applied against a person who would otherwise have been an accessory if the person who was the main perpetrator was a juvenile, the reasons being that, under 14:25, it specifically refers to “felony” and it specifically refers to “principal felon.” If the legislature had intended that this apply to acts of juvenile delinquency, it would have been so easy for them to say so in many different ways. It would have not at all been difficult to add a few words or change a few words, and it would have been applicable to acts of juvenile delinquency.
I think it is significant that I was unable to find a single case where a person was charged as an accessory after the fact when the offense was an act of juvenile delinquency. I do not pretend to say that I have made a thorough and extensive check of all the cases; *725 however, |4I alerted both the district attorney’s office and the defense counsel of my concerns, and I have yet to see a case where this statute has been applied where the offense was an act of juvenile delinquency. The very absence of those cases reaffirms my belief that this statute is not intended to be used to prosecute persons who might otherwise be accessories after the fact had the primary offense been committed by a person who was an adult.[3]
It may well be that the legislature did not intend to place family members in the position of committing felonies when their child came to them after the commission of an act of juvenile delinquency. The absence of cases confirms, in my mind, that that is the case.
So I’m going to grant the motion to quash.
(Footnote added.)
In its sole assignment of error, the State contends that the trial court erred in quashing the bill of information filed against the defendant. In particular, the State asserts that the trial court erred in focusing upon the person and legal status of the alleged perpetrator rather than the act of conduct of that perpetrator. Further, the State maintains the statute expressly applies regardless of whether the “principal felon,” as used within the statute, is arrested, tried, convicted, or amenable to justice. | /The State argues that, although a juvenile is not “amenable to justice” as an adult under the criminal code, a juvenile can still commit an act which is otherwise classified as a felony. The State contends the legislative intent of La.R.S. 14:25 is to criminalize the conduct of a person who helped the perpetrator of a felony, without regard to the arrest, prosecution, or legal status of that perpetrator.
As guidance in statutory interpretation, La.Civ.Code art. 9 provides that “[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” However, when the language is susceptible of different meaning, it must be interpreted as having the meaning that best conforms to the purpose of the law. La.Civ.Code art. 10; State v. Antoine, 98-369 (La.App. 3 Cir. 10/28/98); 721 So.2d 562. As explained by the Louisiana Supreme Court in Theriot v. Midland Risk Ins. Co., 95-2895, p. 3 (La.5/20/97); 694 So.2d 184, 186, “the paramount consideration in interpreting a statute is ascertaining the legislature’s intent and the reasons that prompted the legislature to enact the law.”
In addition to this general guidance regarding statutory interpretation, La.R.S. 14:3 provides the following instruction for interpretation of the Louisiana Criminal Code:
The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, *726 in connection with the context, and with reference to the purpose of the provision.
| ^Further, the Louisiana Supreme Court jurisprudence indicates that criminal laws are to be strictly construed and the doctrine of lenity applied. See State ex rel. Mims v. Butler, 601 So.2d 649 (La.1992); State v. Ritchie, 590 So.2d 1139 (La.1991). See also Antoine, 98-369; 721 So.2d 562. In Ritchie, 590 So.2d at 1149, the supreme court stated:
The principle of lenity directs that a court construe a criminal statute in favor of the most narrow application when there are serious doubts concerning a meaning of a term. See State v. McCarroll, 337 So.2d 475 (La.1976). Although the doctrine generally relates to the construction of the penalty provision of a statute, the same approach should be taken when a question arises as to the meaning of an otherwise ambiguous term in the definition of a crime.
While mindful of these guidelines of interpretation, we find that a genuine construction of La.R.S 14:25, with fair import given to the wording of the statute as required by La.R.S. 14:3, encompasses application when the underlying offense is committed by a juvenile. As the actual wording of the statute leads us to this conclusion, the principle of lenity, which is applicable when there are serious doubts regarding the meaning of a term, is precluded in this instance. Our reading of La.R.S. 14:25 indicates that the focus of the statute is on the person who aids the offender who committed a felony, not on the status of the person who committed the felony. By limiting the definition of an accessory after the fact to a person who aids an offender that commits a felony, the statute excludes those who aid an offender who commits a misdemeanor. Instead, it encompasses those who aid perpetrators of more serious offenses. There is nothing in the statute to indicate that a juvenile cannot commit the more serious offenses included.
|7For example, in the present case, the offense allegedly committed by the juvenile was theft valued in excess of $500.00, a violation of La.R.S. 14:67, which provides a sentence with or without hard labor. La. R.S. 14:2(4) of the criminal code defines a felony as an offense for which an offender may be sentenced to death or imprisonment at hard labor. La. Ch. Code art. 116(5) similarly defines a felony as an offense that may be punished by death or by imprisonment at hard labor. Additionally, the Louisiana Children’s Code classified a felony-grade delinquent act as an act committed by a juvenile which if committed by an adult, may be punished by death or by imprisonment at hard labor. La.Ch.Code art. 804(5). Since the offense of theft in excess of $500.00 is punishable at hard labor, it is classified as a felony. See La.R.S. 14:67(B). Thus, we find that the classification of the offense is not affected by the offender’s juvenile status.
Due to our conclusion that La.R.S. 14:25 does not exclude those who aid a juvenile after the juvenile has commit felony-grade act of delinquency, we find that the defendant was validly charged and the trial court erred in granting the motion to quash the bill of information.
DECREE
For the foregoing reasons, the order of the trial court granting the defendant’s Motion to Quash the Bill of Information is reversed, vacated, and set aside. This matter is remanded to the trial court for further proceedings consistent with' this opinion.
REVERSED AND REMANDED.

. Pursuant to La.Code Crim.P. art. 920, all criminal appeals are reviewed for errors patent on the face of the record. Our review of the record in this matter reveals no such errors.

. The underlying felony alleged is theft of property having a greater value than $500.00. La.R.S. 14:67 provides, in part, as follows:
A. Theft is the misappropriation or taking of anything of value which belongs to another, either with the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
B. (1) Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.

. Our review of the jurisprudence in this area does not reveal a case directly on point, but does reveal instances where a La.R.S. 14:25 charge involved a juvenile.
In State v. Cupit, 408 So.2d 1108 (La.1981), the defendant pled guilty to the reduced charge of accessory after the fact to a crime committed by a juvenile. On appeal, the defendant challenged only the excessiveness of his sentence. No observation was made with regard to whether the statute encompasses a juvenile as the principal offender.
In State in the Interest of Pigott, 413 So.2d 659 (La.App. 1 Cir.1982), a juvenile was charged as an accessory after the fact to a crime committed by another juvenile. On appeal, the defendant asserted the State presented insufficient evidence to prove the essential elements of La.R.S. 14:25 to support a conviction. The court agreed, holding that insufficient evidence was presented to show the defendant had the intent to aid or conceal the juvenile from arrest.