PER CURIAM.
Defendant was charged by bill of information with armed robbery in violation of La.R.S. 14:64. After trial by jury beginning on November 19, 1980, he was found guilty as charged. Thereafter, the trial court sentenced him to fifty (50) years’ imprisonment at hard labor. Defendant has now appealed his conviction and sentence to this Court urging the four assignments of error filed below. We have reviewed the assignments as they relate to the jury’s verdict in the case and find that they lack merit. Accordingly, we affirm defendant’s conviction. However, we agree with counsel that in imposing an apparently severe sentence, the trial court failed to comply with the sentencing guidelines in La.C.Cr.P. Art. 894.1. The record of sentencing on January 16, 1981, indicates that after reviewing briefly the facts of the case, the trial court read through the guidelines in Art. 894.1, finding every aggravating circumstance and discounting the presence of each mitigating factor. Nevertheless, we have held that a broad restatement of these sentencing considerations does not satisfy the requirement of Art. 894.1(C) that the trial court state the factual basis for its findings, or the purpose of the statute to individualize the sentence to the particular offender. State v. Jones, 386 So.2d 85 (La.1980); State v. Franks, 373 So.2d 1307 (La.1979).
In the absence of adequate compliance with Art. 894.1, we are unable to review fully counsel’s assertion that the fifty year sentence imposed in this case is excessive for a first offender. State v. Dunns, 404 So.2d 1235 (La.1981), State v. Cox, 369 So.2d 118 (La.1979). Therefore, while we affirm defendant’s conviction, we vacate the sentence imposed and remand the case to the trial court for resentencing under Art. 894.1 in accord with the views expressed herein.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.