461 So.2d 387 (1984)
STATE of Louisiana
v.
Emanuel TOOMER.
No. KA 1873.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1984.
*388 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Mary Charlotte McMullan, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Jim Swayngim, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before SCHOTT, BARRY and CIACCIO, JJ.
SCHOTT, Judge.
Defendant was convicted of armed robbery in violation of LSA-R.S. 14:64 and sentenced to fifty years at hard labor. His only assignment of error is that the sentence is excessive.
We have reviewed the record for errors patent and find none. Furthermore our review of the record discloses that a rational trier of fact could conclude that every element of the crime was proved beyond a reasonable doubt.
This crime occurred when the victim, while walking along a New Orleans street at about 4 A.M., was accosted by four youths. One of them, the defendant, drew a gun on the victim, stuck it in his face, and demanded his money. He warned the victim not to look at him, ordered him to remove his shoes, and told him to go, but not to look back at him. Fortunately, the police came along a few minutes later, the victim got in their car, and they searched the neighborhood. Defendant and his friends were apprehended a few blocks from the scene of the crime. Defendant threw a bag into some bushes as the police approached. It contained a loaded 22 caliber pistol which was used in the robbery.
Defendant contends that his fifty year sentence for a seventeen year old first offender was in violation of the prohibition against excessive punishment contained in Art. 1 Section 20 of the Louisiana Constitution of 1974 even though it was within statutory bounds as in State v. Sepulvado 367 So.2d 762 (La.1979). He contends that the severity of this sentence required an articulation of the guidelines of LSA-C. Cr.P. Art. 894.1 and that the trial court failed to justify or explain why such a severe sentence was appropriate.
In imposing sentence the court made the following observations: There is an undue risk that defendant would commit another crime if not incarcerated; defendant is in need of correctional treatment in a custodial environment; and a lesser sentence would deprecate the seriousness of the crime. These considerations from Art. 894.1A supported the imposition of a jail sentence but the question remains as to whether the court followed the guidelines of Art. 894.1B in arriving at the fifty year sentence.
In his reasons for the sentence the judge noted defendant's age and commented that he would take defendant's record of no prior convictions into consideration in imposing sentence. However, he went on to say that defendant knew what he was doing when he committed the crime and lied when he testified at the trial. Furthermore, the judge noted that defendant showed no contrition and was "arrogant" at trial. He observed that defendant's attitude in answering a series of questions on cross examination by the state "doesn't show a respect for law and order."
In State v. Soco, 441 So.2d 719 (La.1983) the court found that a similar sentencing procedure was not adequate to comply with Art. 894.1 and specifically that defendant's credibility while testifying in his behalf is not necessarily a relevant factor for determining the proper sentence. In State v. Davis, 449 So.2d 452 (La.1984) the court for *389 the second time remanded the case of a seventeen year old armed robber for resentencing because the trial court did not adequately consider Art. 894.1's guidelines in imposing two consecutive fifty year sentences. We likewise conclude here that the case must be remanded to the trial court for resentencing after properly considering all the guidelines of Art. 894.1.
We do not hold that the sentence of fifty years is necessarily excessive in this case. For example, in State v. Nealy, 450 So.2d 634 (La.1984) a fifty year sentence for a twenty-five year old, first offender, armed robber was approved but the court found that the sentencing judge had complied with Art. 894.1. In State v. Huntsberry, 439 So.2d 432 (La.1983) the court approved a fifty year sentence for an armed robber after first remanding the case for resentencing because of non-compliance with Art. 894.1 (409 So.2d 555) and determining that there was compliance the second time around. Similarly a forty year sentence for a youthful armed robber initially disapproved for failure to comply with Art. 894.1 was approved when it came back and the sentencing guidelines had been complied with. State v. Dunns, 441 So.2d 745 (La.1983). See also State v. Walker, 449 So.2d 474 (La.1984) which finally approved a thirty-five year sentence for a young, first offender, armed robber after earlier vacating the sentence because of the trial judge's initial failure to comply with Art. 894.1.
Accordingly, the conviction is affirmed, but the sentence is vacated and the case remanded for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.
BARRY, J., concurs, assigning reasons.
BARRY, Judge, concurs:
Whether this defendant merits 50 years (or 99 years) depends on the trial judge's sound discretion.
Pointing a loaded gun in someone's face mandates a severe penalty, subject to the guidelines of Art. 894.1.
I reluctantly concur in the remand.