464 So.2d 958 (1985)
STATE of Louisiana
v.
Antonio ROVARIS.
No. KA-2116.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Kathy Lee Torregano, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before REDMANN, C.J., and WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a jury verdict finding defendant Antonio Rovaris guilty of armed robbery in violation of La.R.S. 14:64.
On September 22, 1982, Clarence Naylor was robbed at gunpoint by two men he later identified as defendant Rovaris and Wizey Porter, both of whom the victim had known in junior high school. Defendant was also identified by a companion of Naylor's on the night of the robbery. Naylor testified that defendant robbed him of $1,100.00 in gold jewelry and $50.00 in cash; and that during a struggle Rovaris shot into the ground three times, threatening to kill him if he got up. Both Naylor and his companion positively identified Rovaris, although they stated that his face was partially hidden by a handkerchief.
A close relative of Rovaris testified that he was staying with her at the time of the robbery, and although she did not have any recollection of the specific night in question she would have remembered had he left the house. Rovaris testified that he was asleep at his aunt's house that night. Portions of the testimony of Linda Jones, another defense witness, was heard out of the presence of the jury and was ruled inadmissible by the trial court.
Defendant was tried by a twelve person jury and was found guilty as charged. He was later sentenced as a second offender to one hundred ninety-eight years at hard labor without benefit of parole, probation or suspension of sentence. It is from this conviction and sentence that defendant appeals, assigning two errors: (1) the trial *959 court erred in excluding testimony of Linda Jones, defense witness, and (2) the trial court imposed an excessive sentence.

EXCLUSION OF TESTIMONY
The defense argues that the trial court improperly excluded the testimony of Linda Jones, an impeachment witness, on the ground that it was hearsay. At trial, counsel for the defense attempted to impeach the victim, Clarence Naylor by asking the following:
Q. Isn't it a fact, Mr. Naylor, that the day after the robbery, you went to 3142 Desire Street, and saw one Linda Jones?
A. No, sir.
Q. Do you know who Linda Jones is?
A. No, sir.
Q. Have you ever seen her before?
A. I don't know.
Q. You're positive you did not go to Linda Jones's house and tell her that someone robbed you last night with a ski mask? [sic]
A. Yes, sir, I'm positive.
(Tr. at 21-22)
Jones testified outside of the presence of the jury that Naylor had visited her and told her that he was robbed by a man wearing a ski mask. The trial judge ruled that the testimony was hearsay and refused to allow the witness to testify before the jury.
One of the exceptions to the rule excluding the introduction of hearsay evidence is for impeachment purposes. La.R.S. 15:493 provides:
Whenever the credibility of a witness is to be impeached by proof of any statement made by him contradictory to his testimony he must first be asked whether he has made such statement, and his attention must be called to the time, place and circumstances, and to the person to whom the alleged statement was made, in order that the witness may have an opportunity of explaining that which is prima facie contradictory. If the witness does not distinctly admit making such statement, evidence that he did make it is admissible.
The trial court, having been informed of the intended purpose of Jones's statement, should have allowed it to be introduced, and its failure to do so is error.
We now must determine whether this error is reversible. If an error is harmless, i.e. does not affect the substantial rights of the accused, it is not reversible. State v. Gibson, 391 So.2d 421 (La.1980); See La.C. Cr.P. art. 921. In Gibson, the Louisiana Supreme Court articulated the following standard of appellate review for harmless error based upon the United States Supreme Court's decision in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967):
"`[W]hether there is a reasonable possibility that the evidence complained of might have contributed to the conviction' and that `the court must be able to declare a belief that [the error] was harmless beyond a reasonable doubt' ..."
391 So.2d at 428.
We have reviewed the record and have determined that in view of the entirety of the evidence presented below, including identification of defendant by another eyewitness, the failure of the trial court to allow the introduction of Jones's testimony did not contribute to the verdict. The error, therefore, was harmless.
This error is without merit.

SENTENCING
Defendant asserts that the trial court erred in sentencing him to one hundred ninety-eight years. He claims that the trial judge failed to comply with the sentencing guidelines contained in Article 894.1 of the Louisiana Code of Criminal Procedure, and that the actual sentence imposed is unconstitutionally excessive.
In imposing the sentence, the trial judge commented upon the rising crime rate and the defendant's shooting a gun during the commission of the crime. The judge also accused defendant of perjury because he took the stand in his own defense.
*960 We find that the reasons given by the trial court were insufficient to comply with Article 894.1. The reference to perjury is not a relevant consideration in sentencing. State v. Toomer, 461 So.2d 387 (La.App. 4th Cir.1984); State v. Soco, 441 So.2d 719 (La.1983). The remaining factors enunciated by the judge are insufficient to justify the severity of the sentence. We, therefore, must remand the case to the trial court for resentencing after consideration of all the guidelines contained in Article 894.1.
For the foregoing reasons defendant's conviction is affirmed, but the sentence is vacated and remanded to the trial court for resentencing.
CONVICTION AFFIRMED, SENTENCE VACATED, REMANDED.