539 So.2d 919 (1989)
STATE of Louisiana
v.
Kelvin L. CORNELIUS.
No. 88-KA-0717.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 1989.
*920 Harry F. Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for the State.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
Before SCHOTT, C.J., and ARMSTRONG, PLOTKIN, JJ.
PLOTKIN, Judge.
Defendant, Kelvin L. Cornelius, appeals his conviction for simple burglary of an inhabited dwelling and the imposition of the maximum penalty of twelve years at hard labor. He alleges three assignments of error:
(1) The trial court erred in overruling defense objections when the prosecution attempted to introduce character evidence, and suggested that the defendant stole for a living.
(2) Insufficient evidence exists to support the conviction.
(3) The trial court erred in imposing an excessive sentence.
We affirm the conviction, but remand the case for resentencing in keeping with the standards articulated in this opinion.
FACTS
Kevin Carter, who lived with his father, Noel A. Carter, at 1343 Mirabeau Street, renewed an acquaintance with defendant Cornelius in the summer of 1986. John Joyner was a mutual friend, who lived near the Carter home and whom Cornelius visited frequently.
Carter left home on the morning of July 8, 1986 to attend summer school and met Cornelius walking toward his house. Defendant, in the course of conversation, asked Carter when he would be home and was told that he would be back that afternoon.
When Carter returned home that afternoon, he went into the den to turn on the radio and noticed that a shutter, which was always kept closed, was open. When he went to close the shutter, he found the window cracked and glass on the floor. When his father returned home, after being called at work, it was discovered that two pairs of shorts, a shirt, a medallion and a chain were missing from Carter's room and a gold initial chain was missing from a jewelry box in the master bedroom. When the police arrived after being called by the Carters, Kevin informed them that he had seen Cornelius by the house earlier that day. Fingerprints found on a piece of the broken windowpane were identified as being those of the defendant.
Testimony was offered that the defendant had been in the Carter house a day or two before the burglary. Carter stated that the defendant had been in the den but had not gone near the window. Cornelius testified that he had raised the window in question on at least one occasion during the many times he had visited the Carter home. Joyner testified that although the defendant had been in the den many times, the air conditioner was always running, so the back window was never opened.
ERROR PATENT REVIEW
We have reviewed the record for errors patent. The appellee raises an illegally lenient sentence as an errors patent and requests its correction under La.C.Cr.P. art. 882. The minute entry of the sentencing stated that the defendant was sentenced to "Twelve years in the Department of Corrections with credit for time served." The penalty for simple burglary of an inhabited dwelling requires that one year of sentence be served without parole, probation, or suspension of sentence. LSA-R.S.
*921 14:62.2; State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985). The illegally lenient sentence contained in the minute entry was a clerical error that was not present in the actual transcript of the sentencing hearing. In addition, the issue is moot because we are remanding the case for resentencing.
No other errors patent were found.
ASSIGNMENT OF ERROR NUMBER ONE
The defendant assigns as error the overruling of defense objections when the prosecution allegedly tried to introduce character evidence. The objectionable questions were asked during the State's cross-examination of John Joyner. The prosecutor questioned the witness as to whether defendant had been a runaway, whether he had ever worked and where he might have gotten an expensive pair of jeans. The witness answered that he didn't know if the defendant was a runaway or if he had ever had a job. He also testified that the jeans had been borrowed from a friend.
The appellant contends that the State attempted to suggest to the jury that the defendant was committing other burglaries, implying that the defendant stole for a living, thereby introducing evidence of defendant's character outside the confines of LSA R.S. 15:481. Even assuming that this was true in the instant case, the defendant concedes that the harmless error standard applies. An error is not reversible if it is harmless, meaning it does not affect the substantial rights of the accused. State v. Rovaris, 464 So.2d 958 (La.App. 4th Cir. 1985). The test for harmless error, adopted by the Louisiana Supreme Court, states that "the question is whether there is a reasonable possibility that the admission or exclusion of certain evidence, depending on the case `might have contributed to the conviction.'" State v. Martin, 458 So.2d 454, 459 (La.1984), citing State v. Gibson, 391 So.2d 421, 427 (La.1980).
After reviewing the colloquy in question, we cannot support the defense's contention that reversible error occurred. The State, by its questions, clearly attempted to imply that the defendant had no legitimate source of income. The prosecutor tried to create the impression that the defendant had no home, was unemployed and therefore probably couldn't buy the expensive jeans that he was wearing. The answers though were never damaging to the defendant and indeed negated the inferences that the State seemed to be implying. This assignment is without merit.
ASSIGNMENT OF ERROR NUMBER TWO
The appellant asserts that the evidence is insufficient to sustain a conviction. When reviewing for sufficiency of evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982). When, as in the case at bar, the sole evidence of a defendant's unauthorized entry at the time of the burglary is fingerprints, a jury can reasonably find the defendant guilty beyond a reasonable doubt if the State also presents evidence which reasonably excludes the hypothesis that the prints were impressed at a time other than that of the crime. State v. Pryor, 306 So.2d 675 (La. 1975); State v. Davenport, 445 So.2d 1190 (La.1984); LSA R.S. 15:438.
The State elicited testimony that reasonably precluded the possibility that the prints were left by the defendant at any time other than that of the crime. Although the defendant testified that that he had opened the window on one of his visits to the Carter home, on cross-examination he stated that he would have used the handles on the frame to open the window. Joyner, another defense witness, testified that the window was never opened because the air-conditioner was always on. The State's witnesses testified that the shutters were kept shut, and that the defendant never had the opportunity to innocently touch the window and leave his fingerprints where they were found. The police technician testified that the two prints *922 were on the inside of the pane and were of the index and middle fingers, and there was a smudge, as of a thumb, on the outside indicating that someone had removed this piece of glass from the outside. Therefore, in reviewing for sufficiency of evidence, this court finds that a jury could have found the defendant guilty beyond a reasonable doubt. This assignment is without merit.
ASSIGNMENT OF ERROR NUMBER THREE
The appellant argues that the trial court erred in imposing an excessive sentence. The defendant received the maximum sentence allowed for the offense, twelve years at hard labor, the first year without benefit of parole, probation, or suspension of sentence.
Trial judges are vested with wide discretion in imposing sentences. State v. Quebedeaux, 424 So.2d 1009, 1014 (La. 1982). However, a trial judge is constitutionally prohibited from imposing an excessive sentence. La. Const. art. I sec. 20. Maximum sentences deserve close review since they are reserved for the most serious violations and the worst kind of offenders. State v. Santee, 464 So.2d 922, 926 (La.App. 4th Cir.1985).
Although the trial judge has stated a specific factual basis as mandated by La.C. Cr.P. art. 894.1 for imposing the maximum sentence, this court may consider whether the trial judge abused his discretion in this decision. State v. Finley, 432 So.2d 243, 245 (La.1983). In considering the judge's ruling we find the following mitigating circumstances: the defendant had no other convictions, the value of the property was minimal, and the burglary occurred when the dwelling was uninhabited. We therefore find the sentence excessive and remand the case to the trial court for resentencing.
CONCLUSION
For the above and foregoing reasons, the conviction of the defendant for simple burglary of an inhabited dwelling is affirmed, but the case is remanded for resentencing in accordance with the principles stated herein.
SCHOTT, Chief Judge, dissenting in part:
On a careful review of the trial judge's extensive reasons for the sentence I am not persuaded that he abused his great sentencing discretion or that the sentence is unconstitutionally excessive.