PER CURIAM.
|, Granted, the decision of the court of appeal is reversed in part and defendant’s sentence is reinstated for the reasons that follow.
The trial court and the court of appeal agreed that a sentence less than the mandatory minimum term of 10 years’ imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for the crime of armed robbery in violation of La. R.S. 14:64 appeared appropriate in defendant’s case. The courts below considered the same factors. At the time of the offense, defendant was an 18-year-old first offender, a recent high school honors graduate, and a member of the National Honor Society. He had also been the school drum major and vice president of the school’s band. Defendant did not physically harm either the victim or her companion (defendant’s fiancée) during the offense and his mother testified on his *336 behalf at trial that her son suffered from, and had been treated for, mental illness and placed on medication he discontinued shortly before the offense, and had once before attempted to commit suicide by hanging. This instability was reflected in defendant’s own testimony that he had been deeply depressed and committed the robbery with the hope he would be caught and killed but then changed his mind after the offense and gave the police a false exculpatory statement. Given these circumstances, the trial court informed defendant that if it 12had the authority, the court would have imposed a lesser sentence and would also have considered suspending the sentence and placing him on probation.
However, the courts below disagreed as to whether the means existed for surmounting the constitutional barrier protecting legislative prerogative to define crimes and fix punishments across a broad spectrum of cases. State v. Kelly, 95-2335, p. 1 (La.2/2/96), 666 So.2d 1082, 1083 (Calogero, C.J., concurring) (“The substantive power to define crimes and prescribe punishments lies in the legislative branch of government.”) (citing Jones v. Thomas, 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989)). The trial judge concluded that the minimum 10-year term of imprisonment was not excessive as applied to defendant and that he was therefore constrained by law to impose that sentence. On the other hand, a majority on the court of appeal panel, taking into account that defendant admitted committing the offense but that he was otherwise an “exemplary citizen,” who suffered from “bouts of deep depression,” and further considering the standard established by this Court’s decisions in State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672 and State v. Dorthey, 623 So.2d 1276 (La.1993), for determining when a trial court may depart from the mandatory minimum sentence specified by the legislature for an offense, concluded that defendant “has clearly and convincingly shown exceptional circumstances demonstrating that he is a victim of the legislature’s failure to assign a sentence meaningfully tailored to his culpability, the gravity of the offense, and the circumstances of the case.” State v. Celestine, 11-0752, p. 8 (La.12/21/11), — So.3d —, — (Carter, C.J., Parro, J.) (unpub’d). The majority thus deemed that a “downward departure from the mandatory minimum sentence was warranted in this case,” id., although it provided no guidance for the trial court in resentencing defendant on remand of the case. Cf. La. C.Cr.P. art. 881.4(A) (If an appellate court finds a sentence excessive, it “may give direction to the trial court concerning the proper sentence to impose.”). .
Dissenting, Judge Higginbotham observed that, given defendant’s failure to provide a “compelling reason or excuse for choosing to commit a violent crime,” and given also “the trial judge’s well-articulated reasons that he considered prior to imposing the mandatory minimum sentence, which took into consideration all of the mitigating factors outlined by the defendant in his brief,” no abuse of the trial court’s broad sentencing discretion had occurred. Celestine, 11-0752, p. 1 (Higginbotham, J., dissenting).
We agree with Judge Higginbotham that the trial court did not abuse its discretion by sentencing defendant at, but not below, the statutory minimum for his crime. The trial court was fully cognizant that this Court’s decision in Dorthey “did not purport to grant a district court the power to usurp ... legislative prerogative or to impose what the court believes is the most appropriate sentence for a particular offender in a particular case.” Kelly, 95-2335 at 1, 666 So.2d at 1083 (Calogero, C.J., concurring). Our jurisprudence has further recognized that sentences from 25 *337 to 50 years imprisonment at hard labor, roughly the midpoint of a 99-year range, are generally not excessive for the offense of armed robbery even when imposed on first offenders. See, e.g., State v. Square, 433 So.2d 104, 110 (La.1983) (25 years); State v. Huntsberry, 409 So.2d 555 (La.1982), appeal after remand, 439 So.2d 432 (La.1983) (50 years); State v. Dunns, 404 So.2d 1235 (La.1981), appeal after remand, 441 So.2d 745 (La.1983) (40 years). We have thus recognized that the crime of armed robbery “is a pernicious offense” which “creates a great risk of emotional and physical harm to the victim, to witnesses, and, at times, even to the offender.” State ex rel. Sullivan v. Maggio, 432 So.2d 854, 856 (La.1983).
|4In the present case, the trial court imposed a sentence well below our jurisprudential baseline and thereby gave considerable weight to the mitigating circumstances in defendant’s background which militated for a much lesser penalty. However, this Court’s jurisprudential baseline provides objective support for the trial court’s determination it had no constitutional mandate to go below the mandatory minimum sentence because nothing in the circumstances of the offense gave the trial court reason for treating defendant’s crime as anything less than the pernicious offense the legislature has punished so severely. Defendant did not physically harm the victim and her companion but he lay in wait for them in an empty parking lot and then rushed toward the women with a mask over his face while holding a pointed object in his hand, almost certainly the six-inch knife found in his possession when arrested only a short time later. Defendant had thereby created a highly charged atmosphere in which physical harm was distinctly possible but circumvented when the women panicked and fled, but not before the victim dropped a night deposit bag in her hand, which defendant then grabbed before he also fled the scene. Cf. State v. Bonier, 367 So.2d 824, 826 (La.1979) (In making the determination whether defendant used a dangerous instrumentality to commit a robbery, “the jury may find that there was an actual likely danger of serious bodily harm, to anyone present in the highly charged atmosphere of the scene of a robbery, taking into consideration the great possibility of violence in the interaction between the offender and the victim thereby put in fear for his life.”). In addition to the mask he put over his face, defendant apparently had also worn two sets of clothing, discarding the outer layer after fleeing the scene. It thus appears that defendant planned the robbery and took steps to conceal his identity as a hedge against arrest and identification, conduct wholly inconsistent with the explanation he offered later that the robbery was in effect another suicide attempt, 15and inconsistent with a finding that the mitigating factors in his background constituted the full measure of his potential for rehabilitation.
This Court’s jurisprudence fully supports the trial court’s resolve not to substitute its view of the most appropriate punishment for legislative prerogative in determining the minimum punishment necessary to address the legislature’s “great concern for the crime of armed robbery in this state.” Sullivan, 432 So.2d at 857. Accordingly, we affirm the court of appeal’s decision to the extent that it upheld defendant’s conviction but reverse to the extent that the court vacated his sentence and remanded for resen-tencing. Defendant’s sentence is reinstated and this case is remanded to the trial court solely for purposes of execution of the sentence imposed.
COURT OF APPEAL DECISION REVERSED IN PART; SENTENCE REINSTATED; CASE REMANDED.
*338 JOHNSON and KNOLL, JJ., would deny.
WEIMER, J., would grant and docket.