MURPHY, J.
11 Defendant/appellant, Michael Morin, appeals his sentence for failing to register as a sex offender, in violation of La. R.S. 15:542.1.1. For the reasons that follow, defendant’s conviction and sentence are affirmed.
STATEMENT OF THE CASE
On December 5,2014, the Jefferson Parish District Attorney filed a bill of information charging defendant, Michael Morin, with failing to appear for his annual registration as a sex offender in violation of La. R.S. 15:542.1.1. Defendant was arraigned on December 19, 2014, and pled not guilty. On August 25, 2015, defendant filed a “Motion for Suspended Sentence and Probation Despite a Mandatory Minimum Sentence”, which was denied following a hearing on August 26, 2015. On that same date, defendant pled guilty as charged. On September 23, 2015, defendant filed a motion to reconsider sentence *1117 (even though he had not yet been sentenced), which was set for hearing on October 7, 2015, the date of his sentencing. On October 7, 2015, the trial court sentenced defendant to imprisonment at hard labor for two years, without benefits, to run concurrently with the sentence in case number 14-0852. After the denial of defendant’s motion for reconsideration, his timely motion for appeal was granted.
FACTS
Because this conviction was the result of a guilty plea, the underlying facts regarding the offense were not elicited at trial. However, in both the bill of information, and the factual basis given at the time of defendant’s guilty plea, the State alleged that on or about October 11, 2014, defendant violated La. R.S. 15:542.1.1 when he failed to appear for his annual registration as a sex offender.
¡■ASSIGNMENT OF ERROR AND DISCUSSION
In his sole assignment of error, defendant contends that the “excessiveness” provision of the Louisiana Constitution’s Article I, Section 20 ban on “cruel, excessive, or unusual punishment” empowers a sentencing judge to impose a sentence below a mandatory minimum if the life of a family member will be severely endangered by the defendant’s incarceration. Defendant also relies on the ease of State v. Dorthey, 623 So.2d 1276 (La. 1993), to support his proposition that a single factor can make a particular sentence unconstitutionally excessive. Citing the case of State v. Sepulvado, 367 So.2d 762 (La. 1979), and La. C.Cr.P. art. 894.1, defendant asserts that “impact on the family of a defendant is a common* and recognized factor for sentencing.” Defendant concludes that his two-year mandatory minimum sentence was unconstitutionally excessive and that the trial judge erred by denying his “Motion for Suspended Sentence and Probation Despite a Mandatory Minimum Sentence.” ■ ■
The State responds that defendant is precluded from seeking review of his sentence since his sentence was imposed in conformity with a plea agreement set forth in the record at the time of the plea. The State further responds that defendant cannot challenge the trial judge’s denial of his “Motion for Suspended Sentence and Probation Despite a Mandatory Minimum Sentence” since he did not reserve his right to appeal that adverse ruling under State v. Crosby, 338 So.2d 584 (La. 1976).
La. C.Cr.P. art. 881.2(A)(2) provides, “[T]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” Accordingly, this Court has held that a defendant is precluded from raising a claim of excessiveness on appeal when |sthe imposed sentence is the product of a plea agreement. State v. Cross, 06-866 (La. App. 5 Cir. 4/11/07), 958 So.2d 28, 30.
In the instant case, on August 26, 2015, the date of his guilty plea, defendant executed a waiver of rights form which reflects that he understood that the sentencing range in this case was “2-10 years at hard labor w/o parole, probation or suspension of sentence” and that his sentence for this guilty plea would be two years at hard labor, concurrent with the sentence in No. 14-0852. The transcript of August 26, 2015, further reflects defendant’s acknowledgment in- open court during the Boykin colloquy that the sentence he would receive upon pleading guilty would be “2 years at hard labor.” On October 7, 2015, the trial court imposed the agreed upon sentence after finding that defendant’s plea was knowingly, intelligently, freely, and voluntarily made. Because defendant’s sentence was imposed in conformity with a *1118 plea agreement which was set forth in the record at the time of the plea, defendant cannot now appeal or seek review of his sentence. See Lá. C.Cr.P. art, 881.2(A)(2); Cross, swpra.
Furthermore, as correctly noted by the State, defendant did not preserve his right to seek review of the trial court’s denial of his “Motion for Suspended Sentence and Probation Despite a Mandatory Minimum Sentence” at the time of his guilty plea. In State v. Crosby, supra, the Louisiana Supreme Court determined that the Louisiana courts of appeal may review assignments of error specifically reserved at the time a guilty plea is made and “where the trial court accepted the guilty plea so conditioned.” Id. at 588. In the instant case, the record does not show that defendant sought to preserve his right to have the denial of his motion reviewed on appeal as a condition of his guilty plea.
Nevertheless, even if considered, we find that defendant’s assignment of error lacks merit.
1/The Louisiana Legislature has clearly detailed its intent behind requiring sex offenders to register upon moving to this state. As succinctly summarized by the Louisiana Supreme Court in State ex rel. Olivieri v. State, 00-0172 (La. 2/21/01), 779 So.2d 735, 747:
A careful review of the subjective intent enunciated in -LA. REV. STAT. ANN. § 15:540 shows that the Legislature enacted this state’s Megan’s Laws with an avowedly non-punitive intent. It is clear that the laws were enacted to protect communities, aid police in their investigation of sex offenders, and enable quick apprehension of sex offenders. These enactments were further founded on the findings of the Legislature that this legislation was of paramount governmental interest because: (1) sex offenders pose a high risk of engaging in sex offenses, (2) sex offenders have a high incidence of recidivism, and (3) unless there was registration and community notification, sex offenders could remain hidden and thereby increase the risk to public safety.
As provided in La. R.S. 15:542.1.4, sex offenders who violate the registration requirements “shall, upon a first conviction, be fined not more than one thousand dollars and imprisoned with hard labor for not less than two years ,.. without benefit of parole, probation, or suspension of sentence.”
A mandatory minimum sentence is presumed to be constitutional. State v. Johnson, 97-1906 (La. 3/4/98), 709 So.2d 672. A court may only depart from the mandatory sentence if it finds clear and convincing evidence in the particular case before it that would rebut the presumption of constitutionality. Id. In order to rebut the presumption of constitutionality, the defendant must clearly and convincingly show that he is exceptional, that is, because of unusual circumstances he is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. The Louisiana Supreme Court has cautioned that a downward departure from a mandatory minimum sentence should only be made in rare cases. State v. Lindsey, 99-3256 (La. 10/17/00), 770 So.2d 339.
|fiThe instant record demonstrates that the trial court was presented with documentation[1] of defendant’s wife’s medical *1119 condition, specifically her medical records and her history of hospitalizations. In connection with these exhibits, defense counsel argued at the hearing on defendant’s motion for a suspended sentence that defendant had Emergency Medical Technician experience and “is really the only person who can save his wife’s life, should there be another critical incident.” By stipulation of the State and defendant, defense counsel stated “facts” for the record in lieu of additional testimony.
Defendant argues that “[t]he judge believed that he lacked the power to override the mandatory minimum two years,” and therefore did not at all consider the evidence of defendant’s wife’s medical condition. The record in this case, however, shows just the opposite action by the trial court. At the conclusion of the hearing, the trial court acknowledged the difficulty that defendant’s “spousal situation” presented, but ruled that it was not necessary “to depart from the statute and the required sentence,” to-wit:
THE COURT:
At this time, the Court is going to find that to depart from the statute and the required sentence, is not necessary at this time. The Court will deny the Motion to Suspend Sentence, based upon the argument of counsel.
The Court shall rule based upon— shall not rule based upon sympathy or emotions or compassion, based upon the Defendant’s spousal [sic] situation, though I understand one hundred percent, that’s not something I can make a ruling on. My ruling must be based upon the law and evidence, and that’s the ruling of the Court, that the Motion to suspend and Probation Despite a Mandatory Minimum Sentence be denied [sic].
[Emphasis added.] Thus, it appears that the trial court, contrary to defendant’s assertion, considered the uncontroverted medical evidence presented regarding.defendant’s wife’s condition. In fact, the court said that it fully understood (“one | ^hundred percent”) defendant’s wife’s condition, and still found that it did not make the mandatory minimum sentence unconstitutionally excessive.
In State v. Smith, 05-698 (La.App. 5 Cir. 1/31/06), 922 So.2d 639, this Court considered the issue of whether a mid-range sentence of 12 months imposed by the trial court was excessive, considering the defendant’s obligations to her family. In that case, evidence was presented that the defendant took care of her grandmother, who had health problems, on a daily basis. The defendant’s children, ages five and ten, testified that their mother also took care of them. The defendant herself testified there would be no immediate family to take care of her children if she received a prison sentence. On appeal, this Court upheld the sentence imposed upon finding that the trial court did not abuse his broad sentencing discretion in determining that the mitigating factor of the defendant being a single mother was not outweighed by other known factors.
In the instant matter, the trial court was aware from presiding over both of ■ defendant’s criminal cases that defendant was charged with failure to register as a sex offender on November 21, 2013, and also failing to register almost a year later, on October 11, 2014. During the hearing on defendant’s motion for a suspended sentence, the State advised the court that, upon locating to Louisiana, defendant had been provided the requirements of sex offender registration by the Jefferson Parish Sheriffs Office on Octo *1120 ber 11, 2013. At that time, defendant was advised to complete his community notifications within 21 days, but he failed to comply. The State further disclosed to the court that defendant failed to complete his annual update on October 11, 2014, in spite of the fact that he had already been formally charged for his initial failure to register. The State concluded that defendant clearly had knowledge of the requirement to register. None of the State’s assertions about defendant’s notice to register were contested by defense counsel. The court was |7also aware that defendant did not appear for arraignment, and that an attachment was ordered for defendant’s arrest on March 13, 2014.
The record supports the conclusion that defendant received a bargained-for sentence, and is therefore precluded from challenging that sentence on appeal. In addition, we do not find the imposed sentence to be otherwise unconstitutionally excessive. Nor do we find error in the trial court’s conclusion that the “spousal situation,” as far as defendant’s wife’s health, did not warrant imposing less than the mandatory minimum sentence in this case. Defendant pled guilty to one count of failing to appear for his periodic renewal of registration as a sex offender, in violation of La. R.S. 15:542.1.1. Pursuant to La. R.S. 15:542.1.4, defendant faced a sentencing range of two to ten years at hard labor, without the benefit of parole, probation or suspension of sentence. Defendant also pled guilty to a second count of violating La. R.S. 15:542.1.1, in case 14-0852, for which he also could have received a sentence of two to ten years at hard labor, without the benefit of parole, probation or suspension of sentence. While defendant faced a possible 20-year jail sentence without benefits, when the sentences for both charges were taken into account, the trial court imposed the lowest mandatory sentence on each count, ordered the sentences to run concurrently, and also did not assess any fines.
While a court has the authority to depart from a legislatively-mandated sentence, “the Legislature’s determination of an appropriate minimum sentence should be afforded great deference by the judiciary.” State v. Johnson, supra. The decision in Dorthey, supra, “did not purport to grant a district court the power to usurp ... legislative prerogative or to impose what the court believes is the most appropriate sentence for a particular offender in a particular case.” State v. Celestine, 12-0241 (La. 7/2/12), 92 So.3d 335, 336 (per curiam) (quotation omitted). As noted above, the legislative intent behind requiring sex offenders to | ^register upon locating to Louisiana is clear. Defendant pled guilty in this case, and another, to willfully ignoring an obligation legislatively created to protect the community. While defendant contends that his family obligations are a sufficient reason to allow him to escape a minimum sentence for his actions, after considering defendant’s argument and the evidence offered in support thereof, the trial court found that this factor was not sufficient to deviate from the mandatory minimum sentence provided by statute. We find the trial court did not abuse its sentencing discretion in imposing the mandatory minimum term of imprisonment under the circumstances of this case.
ERRORS PATENT REVIEW
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Welland, 556 So.2d 175 (La. App. 5 Cir. 1990). We find no errors which require correction.
CONCLUSION
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
*1121 CONVICTION AND SENTENCE AFFIRMED

. We note that while the defense exhibits were referred to in defense counsel's argument, these exhibits were not formally intro *1119 duced into the record until the date of sen- . tencing, which was October 7, 2015. •